[L. A. No. 926.   Department Two.—December 23, 1901.]

MRS. T. E. GREENLEAF ,Respondent ,v. NELLIE H. JACK et al., Defendants.   MAX H. KOSHLAND, Appellant.

ACTION AGAINST STOCKHOLDERS OF BANK—VENUE—CONSENT OF DEFENDANTS TO CHANGE PLACE OF TRIAL.—A creditor of a bank has a right · to bring and maintain an action against its stockholders in the county where the cause of action arose and where some of the defendants reside, and non-resident defendants cannot, with the unanimous consent of all of the defendants to change the place of trial to the county of their residence, take away the plaintiff's right.

APPEAL from an order of the Superior Court of San Luis Obispo County refusing to change the place of trial of an action.   E. P. Unangst, Judge.

The facts are stated in the opinion.

Max Blum, for Appellant.

William Shipsey, for Plaintiff, Respondent.

W. H. Spencer, for Defendants Jack and Stow.

Lester H. Jacobs, for Defendant Goldtree Brothers Company.

HAYNES, C.—The plaintiff, a creditor of the County Bank of San Luis Obispo, a corporation, brought this action in the county of San Luis Obispo against four of its stockholders, to recover from them the several proportions of her claim for which they were severally liable as such stockholders. Said bank was located in said county, and that was its principal place of business.   Defendant Koshland in due time moved to change the place of trial to the city and county of San Francisco, upon the ground that said city and county was the place of his residence.   This motion was denied, and Koshland appeals from the order denying it.

Goldtree Brothers Company, a corporation, a co-defendant of Koshland in this action, and also a resident of the city

and county of San Francisco, prior to the appearance of Koshland made a like motion for a change of venue in said action. His motion was denied, and upon appeal this court affirmed the order denying it. (*Greenleaf* v. *Jack*, 133 Cal. 506.)

In that case there was nothing in the record to show in what county the defendants other than Goldtree Brothers Company resided. Here, however, it is expressly shown that the plaintiff and the defendants Nellie H. Jack and R. E. Jack were residents of San Luis Obispo County, where the action was brought. On the hearing of the motion, Koshland read and filed the written consent of all the other defendants to the change of the place of trial to San Francisco. This consent could not operate to authorize the change. The cause of action arose in San Luis Obispo County, and, some of the defendants residing there, it was the *right* of the plaintiff to bring and prosecute the action in that county, and the consent of the resident defendants to change the place of trial to another county could not take away that right. It was expressly held in *Greenleaf* v. *Jack*, 133 Cal. 506, that to entitle the moving party to a change of venue under section 395 of the Code of Civil Procedure, "it must be made to appear that none of the defendants resided in San Luis Obispo County." (See, also, *Hearne* v. *De Young*, 111 Cal. 373, there cited.) On the authority of those cases, it is apparent that the order appealed from should be affirmed.

At the last term of this court at Los Angeles, respondent filed a motion to dismiss the appeal herein, upon grounds arising since this appeal was taken, and which do not in any manner affect the regularity or validity of the appeal; but, in view of our conclusion upon the merits of the appeal, these grounds need not be stated, nor the motion considered. We therefore advise that the order appealed from be affirmed and said motion dismissed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed and the motion dismissed.

McFarland, J., Temple, J., Henshaw, J.