[Civ. No. 408.   Third Appellate District.—December 21, 1907.]

## DANIEL SULLIVAN, Respondent, v. F. C. LUSK, Respondent, and CHARLES F. HANLON, Appellant.

ACTION OF INTERPLEADER BY TRUSTEE UNDER WILL—ALLOWANCE ·FOR ATTORNEY'S FEES—CONFLICTING CLAIMS OF ATTORNEYS.—An allowance for attorney's fees made to a trustee under the will upon final settlement of his accounts is made to the trustee, as such, and not to the attorneys, and where two separate attorneys were employed, and one of them claimed half of the amount allowed, and the other claimed the whole of it, an action of interpleader will lie, upon deposit of the allowance in court, to compel them to litigate between themselves their claims to the fund allowed.

ID.—CONTRACT WITH TRUSTEE NOT ENFORCEABLE IN COURT—RES ADJUDICATA.—If the attorney claiming the whole allowance had a contract with the trustee, it could only be enforced against him personally, and not as trustee, or in the settlement of the trust; and his acceptance of one-half the sum allowed by the court would not be an adjudication against him in an action upon any contract made with the trustee personally.

ID.—ORDER REFUSING TO CHANGE VENUE—MOTION OF ONE DEFENDANT—REVIEW UPON APPEAL—CAUSE OF ACTION IMMATERIAL.— Upon appeal from an order refusing to change the place of trial to the residence of the defendant claiming the whole ·sum allowed to the trustee, it is immaterial whether the complaint in interpleader states a cause of action or not. It is sufficient that if it states a cause of action against one defendant, it equally states one against the other; and the court properly refused to change the venue, where the other defendant did not join in the motion. [By supreme court.]

APPEAL from an order of the Superior Court of Butte County, refusing to change the place of trial.   John C. Gray, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and R. M. Royce, for Appellant.

Joe D. Sproul, for Plaintiff, Respondent.

F. C. Lusk, Respondent, *in propria persona.*

CHIPMAN, P. J.—Motion to change the place of trial. The complaint sets forth that plaintiff was a trustee under the

will of Lucy C. Goodspeed of certain real property situated in Butte county, devised to plaintiff in trust for the benefit of the minor children of the said Lucy C. Goodspeed, deceased; that said real estate was distributed to plaintiff to so hold in trust, by the superior court of the city and county of San Francisco in December, 1902; that said trust terminated when said children became of age and that they have become of age; that in the matter of said trust plaintiff was represented by defendants as his attorneys; that plaintiff has filed and caused to be settled his final account as such trustee, and by order of the court "this plaintiff was allowed the sum of $2,595, as compensation for attorneys employed by him in the matter of said trust"; that he has not paid the said sum to either of said defendants or to any other person, and that defendants make conflicting claims thereto, defendant Hanlon claiming the whole of said sum and defendant Lusk claiming one-half of said sum; that plaintiff has tendered said Hanlon $1,297.50, being one-half of said sum, but that he refused to receive the same and demands the whole thereof; that "said conflicting claims are made on this plaintiff for the payment of said sum of money without any collusion or fraud upon the part of this plaintiff"; and that "plaintiff has said sum in his possession, and is willing and anxious to pay it to the parties legally entitled thereto." Wherefore, defendants are called upon to interplead and litigate their several claims, etc.

Defendant Hanlon filed a general demurrer to the complaint and also demurred on the ground that there was a misjoinder of parties defendant in this, that no cause of action is stated against either of the defendants. Defendant Hanlon moved the court for an order transferring the cause to the city and county of San Francisco, on the ground that at the commencement of the action it was the place of his residence, and upon the further ground that defendant Lusk is not a necessary or proper party to the action and should not be joined as defendant with defendant Hanlon.

It appeared by the affidavits used at the hearing of the motion that defendant Hanlon was, at the commencement of the action, a resident of San Francisco, and that defendant Lusk was a resident of Butte county, where the action was commenced.

The court denied the motion, and defendant Hanlon appeals from the order.

The action is brought under section 386 of the Code of Civil Procedure, which reads, in part, as follows: . . . "And whenever conflicting claims are or may be made on a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made, and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claim have not a common origin, or are not identical, but are adverse to and independent of one another."

The position of appellant is thus stated: "The defendant, Hanlon, according to the complaint, demands from Sullivan, as pay for the work which Sullivan hired him to perform, the sum of $2,595, and defendant Lusk demands of Sullivan for the work he, Lusk, performed, the sum of $1,297.50. These two independent claims aggregate $3,892.50, and Sullivan is seeking to escape all liability by paying $2,595, instead of paying $3,892.50." Appellant, on this assumption, proceeds to argue that plaintiff, if he had judgment in his favor, would plead it against all subsequent demands of appellant; that the conflicting claims are simple claims on contract in which Hanlon and Lusk have no joint interest, Hanlon claiming $2,595 and Lusk claiming $1,297.50, and therefore Lusk had no interest in Hanlon's claim. It is hence argued that there is no cause of action stated against Lusk, and it follows that the place of trial should have been changed to Hanlon's place of residence.

Appellant misconceives the obvious purpose of the action and the nature of the fund in litigation. The allowance made to plaintiff was as trustee to compensate the defendants, who were his attorneys, and its amount rested wholly in the discretion of the judge who was settling the trust estate. There was no contractual liability, express or implied, such as ordinarily exists between attorney and client where professional services are performed for the latter by the former. It is settled law in this state that the court in making an allowance to an executor or administrator for attorney's fees (and we think the rule is the same as to a trustee of such an estate as we have here), is not making it to the attorney, nor is it dependent in any way upon any contract the administrator or

executor may make with his attorney, but it is an allowance
as a necessary expense of administration; if the attorney
has any claim upon the administrator or executor by reason
of any contract for compensation, he must look to the admin-
istrator or executor as an individual and not in his repre-
sentative capacity; and an action to enforce such a contract
would not lie against him in the latter capacity. (*Briggs* v.
*Breen,* 123 Cal. 657, [56 Pac. 633, 886]; *McKee* v. *Hunt,* 142
Cal. 526, [77 Pac. 1103]; *Estate of Kruger,* 143 Cal. 141, [76
Pac. 891].)

It is an erroneous assumption on appellant's part that an
adjudication by the court as to the amount of the fund in
question to which each of the interpleaders is entitled, could
be pleaded in bar of any right of action. appellant may have
on any contract made by him with plaintiff as an individual.
The subject matter here relates exclusively to the particular
fund allowed plaintiff in the settlement of his account with
the beneficiaries of the trust; this and no other is involved in
the action. (See cases *supra.*) We think the complaint states
a cause of action against both defendants under section 386
of the Code of Civil Procedure.

The motion for a change of venue was made under section
395 of the Code of Civil Procedure, and it is well settled that
where any of the defendants, in a case coming under that sec-
tion, reside in the county in which the suit is brought, a mo-
tion to change the place of trial to a place in which others of
the defendants reside will not be granted unless all of the
defendants join in the motion or good reason is shown why
they have not so joined. (*McKenzie* v. *Barling,* 101 Cal. 459,
[36 Pac. 8]; *Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034].)

Here the complaint states a cause of action against both
defendants, and this being so, Lusk has a right to have the
action tried in the county of his residence. Appellant ad-
mitted at the argument, and seems to do so by his brief, that
the trial must be had in Butte county unless it appears from
the complaint that no cause of action is stated against Lusk,
or that he is merely a nominal party. But we think the cause
of action is as much against the one defendant as against the
other, and the trial judge was correct in his conclusion.

The order is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17th, 1908, and the following opinion was then rendered:

THE COURT.—The application for a hearing in this court, after decision in the district court of appeal for the third district, is denied. It is immaterial upon this appeal whether or not the complaint states any cause of action, and we express no opinion as to the views of the district court of appeal thereon. It is obvious that if it states a cause of action against the appellant Hanlon, it equally states one against the other defendant Lusk, and this being so, defendant Hanlon cannot, unless Lusk joins in the motion, have the place of trial changed from the county in which said Lusk resides.