[Civ. No. 1032. Second Appellate District.—February 20, 1913.]

## THOMAS W. AISBETT et al., Respondents, v. PARADISE MOUNTAIN MINING AND MILLING COMPANY (a Corporation), et al., Appellants.

Venue—Application for Change—Presumption as to Residence of Defendants.—Where the complaint and record are silent upon the subject, the presumption is that the defendants are residents of the county wherein the action is commenced, and the burden of proof is upon them to show that they were, at the commencement of the action, residents of another county than that wherein the suit is brought and to which they ask the place of trial to be removed.

Id.—Residence of Defendants—Corporation—Section 395 of the Code of Civil Procedure.—An action against a corporation and others to have a stock assessment adjudged invalid may be brought in the county where defendants other than the corporation reside; and the fact that resident defendants join with nonresident defendants in a written demand to have the cause removed to another county does not entitle the nonresidents to such removal, section 395 of the Code of Civil Procedure providing that the proper place for trial is "the county in which the defendants, or some of them, reside at the commencement of the action.

APPEAL from an order of the Superior court of Los Angeles County denying a motion for a change of place of trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

John L. Campbell, for Appellants.

C. W. Pendleton, for Respondents.

SHAW, J.—This is an appeal from an order denying a motion made by defendants for a change of the place of trial

from the county of Los Angeles to the county of San Bernardino.

The action (one other than those described in sections 392, 393, and 394 of the Code of Civil Procedure) is brought by stockholders of the Paradise Mountain Mining and Milling Company, a corporation, against said corporation and members of its board of directors, joined therewith as defendants, to have declared null and void certain proceedings wherein an assessment was levied upon the corporate stock of the corporation, and to enjoin a sale of plaintiffs' stock for failure to pay said assessment, as well as for other relief.

Section 397 of the Code of Civil Procedure provides that the court may, on motion, change the place of trial when the county designated in the complaint is not the proper county. The proper county for the trial, as appears from section 395 of the Code of Civil Procedure is "the county in which the defendants, or *some of them,* reside at the *commencement* of the action." If the county wherein the action is brought is not the proper county, "the action may, notwithstanding, be tried therein," (Code Civ. Proc. sec. 396), unless the defendants avail themselves of their right to secure a removal in the mode prescribed by the statute. All of the defendants herein, other than Y. P. Preciado, joined in a written demand for the removal of the place of trial to San Bernardino County and appellants concede that defendants other than Preciado were necessary parties. The ground therefor, as stated in the notice of motion, was that they were all residents of said county. Where the complaint and record, *as here,* are silent upon the subject, the presumption is that the defendants are residents of the county wherein the action is commenced, and the burden of proof is cast upon them to show that they were at the commencement of the action residents of another county or counties of the state than that wherein the suit is brought, and to which they ask that the place of trial be removed. (*Hearne* v. *De Young,* 111 Cal. 373, [43 Pac. 1108] ; *Greenleaf* v. *Jacks,* 133 Cal 506, [65 Pac. 1039] ; *Greenleaf* v. *Jacks,* 135 Cal. 154, [67 Pac. 17] ; *Quint* v. *Dimond,* 135 Cal. 572, [67 Pac. 1034] ; *County of Modoc* v. *Madden,* 136 Cal. 134, [68 Pac. 491].) While all the necessary parties defendant joined in the demand for the change, they offered no evidence whatever touching the residence of any

defendant other than the corporation, whose principal place of business.it is contended was shown by affidavit to have been removed from Los Angeles County to San Bernardino County by an order of the board of directors made, prior to the commencement of the action, pursuant to the provisions of section 321a of the Civil Code. Conceding this to be true, it appears that defendants other than the corporation were residents of the county wherein the suit was brought, and it being the right of plaintiff to have the case tried in the county wherein *some of the defendants* reside at the *commencement* thereof, it must follow that the court did not err in making the order denying the motion.

Appellants insist, however, they are entitled to a change of venue by reason of the fact that the resident defendants joined the nonresident defendant in the written demand for the removal. In support of which they cite *Hannon* v. *Nuevo Land Co.,* 14 Cal. App. 700, [112 Pac. 1103], decided by this court, in which the following language was used in the opinion: "Where it appears that both resident and nonresident defendants are necessary parties, an order granting a change of place of trial will not be made upon demand of the nonresident defendant, unless the former joins in the demand." In making this statement the court followed *McKenzie* v. *Barling,* 101 Cal. 460, [36 Pac. 8], also cited by appellant, where it is said: "And it has been settled that where, in a case coming under section 395 of the code, any of the defendants reside in the county in which the suit is brought, a motion to change the place of trial to a county in which others of the defendants reside will not be granted unless all of the defendants join in the motion," in support of which the court there cited: *Pieper* v. *Centinela Land Co.,* 56 Cal. 173; *Remington S. M. Co.* v. *Cole,* 62 Cal. 311; *Fickens* v. *Jones,* Parker's Cal. Dig., p. 83, together with several cases from the courts of the state of New York. Both statements are *dicta.* In neither case was the statement made pertinent nor applicable to the facts under consideration. Nor in either case does it constitute a correct statement of the law applicable to the right of removal in cases where there are defendants, some of whom are residents of the county wherein the action is brought, and others nonresidents thereof but residing in the county of the state to which all join in a

demand to have the place of trial removed. (See cases first herein cited.) Where there are several necessary parties defendant, one or more of whom reside in the county where an action other than one of those described in sections 392, 393, and 394 of the Code of Civil Procedure is commenced, and others who are nonresidents of such county, the county where the suit is commenced is the proper place for its trial. To hold otherwise, and that in such case all of the defendants, having joined in a demand therefor, could secure a change of venue, would not only deprive plaintiff of his right accorded by section 395, but nullify a plain provision of the statute.

The order is affirmed.

Allen, P. J., and James, J., concurred.