[Civ. No. 6504.   Third Appellate District.—November 29, 1940.]

HARRY TAFF, Respondent, v. M. A. GOODMAN et al., Appellants.

Weinmann, Quayle & Berry for Appellants.

Nichols & Richard, Jesse E. Nichols and C. Ray Robinson for Respondent.

TUTTLE, J.—This is an appeal from an order denying a motion for a change of venue from Merced County to Alameda County. The motion was submitted upon affidavits and oral testimony, and was denied.

On November 16, 1939, plaintiff commenced an action in the Superior Court of Alameda County for the recovery of damages arising from personal injuries alleged to have been

inflicted in an automobile accident through the negligence of defendants Goodman and Everett. The action came on regularly for trial and the cause was submitted to a jury, which was unable to agree, and was thereafter discharged. On April 29, 1940, plaintiff's counsel dismissed said action without prejudice, and filed the present action in Merced County, joining as a defendant Catherine Duffy. Defendant Goodman filed a demurrer to the complaint, and at the same time, a notice of motion for change of venue, designating the Superior Court of Alameda County as the proper court for the trial of the action. He also filed an affidavit of merits, and averred among other things that he was a resident of Stanislaus County; that no defendant was a resident of Merced County; and that the alleged injury to plaintiff occurred in Alameda County. Samuel H. Berry, attorney for defendant Goodman, also filed an affidavit in support of the motion in which he set forth the history of the case, and stated that the obvious reason for joining Catherine Duffy as a defendant was to create a simulated basis for the fixing of venue in Merced County; that Catherine Duffy was not a resident of Merced County; and that the interests of justice required the removal of the action from Merced County to Alameda County. Plaintiff's two attorneys filed counter-affidavits. Defendant Catherine Duffy also filed a demurrer, a notice of motion for change of venue, and an affidavit of residence and merits. She averred that her residence was in the City and County of San Francisco at the time the action was commenced, and denied that she was a resident of Merced County. She requested that the action be transferred to the City and County of San Francisco.

The motions were consolidated for hearing, and the affidavits were supplemented by oral testimony respecting the residence of defendant Duffy. At the hearing said defendant joined in the request that the action be transferred to Alameda County. All of said motions were denied. No appeal was taken by defendant Duffy.

It appears that the evidence relating to the residence of defendant Duffy is conflicting. She alleges in her affidavit that she was a resident of the City and County of San Francisco at the time of the commencement of the action. On the other hand, it is alleged in the affidavit of C. Ray Robinson, attorney for plaintiff, that said defendant was, at said time,

a resident of Merced County. It also appears from the affidavit of said attorney, and from the oral testimony of said defendant, that she signed an affidavit of registration on *September 27, 1939*, wherein she declared that she was a resident of *Merced* County, and that she voted in said County on *May 7, 1940*. The complaint herein was filed *April 29, 1940*. She further testified that she was formerly registered to vote in the City and County of San Francisco, but that she canceled said registration. It also appears that said defendant had actually lived in Merced County for three years, having taught school during that time.

█ We are of the opinion that there was sufficient evidence to uphold the finding of the trial court that said defendant was a resident of Merced County at the time of the commencement of the action. The rule governing the situation is thus expressed in the case of *Gordon* v. *Perkins,* 203 Cal. 183 [263 Pac. 231]:

" 'In considering the affidavits used upon the said motion this court is bound by the same rule that controls where oral testimony is presented for review. "If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established." (*McKenzie* v. *Barling,* 101 Cal. 462 [36 Pac. 8]; *Doak* v. *Bruson,* 132 Cal. 18 [91 Pac. 1001]; *Henderson* v. *Cohen,* 10 Cal. App. 585 [102 Pac. 826].)' (*Sourbis* v. *Rhoads,* 50 Cal. App. 98, 100 [194 Pac. 521]; see, also, *Smilie* v. *Smilie,* 24 Cal. App. 420, 424 [141 Pac. 829].)''

█ It is contended by appellants that the allegation by Miss Duffy that she was a resident of the City and County of San Francisco when the action was commenced, constituted a *prima facie* showing upon the question of her residence, and unless overthrown in a proper way by a counter-showing by plaintiff, it will support an order in favor of defendants. This is the law. (*O'Brien* v. *O'Brien,* 16 Cal. App. 103 [116 Pac. 692].) It is also held in the same case that the bare allegation in an affidavit, made by someone other than a party, that one of the parties is a "resident" of a certain county, is of no value as proof unless some fact or facts are stated by which the court may be aided in forming a conclusion of its own upon the question. As to the latter point, the affidavit of attorney Robinson *does* state other facts and circumstances to which we have referred.

■ Taking up the first contention made by appellants in the foregoing paragraph, there was, in our opinion, sufficient evidence to overthrow the *prima facie* showing made by appellants and to justify the court in denying the motion. They rely upon the following excerpt from the *Estate of Spencer*, 198 Cal. 329 [245 Pac. 176]:

"It has been heretofore held by this court that the mere fact that one is registered in a certain place and has voted therein, is not conclusive evidence upon the question of his domicile."

The question here is not whether the evidence is conclusive, but whether such evidence will sustain the order. ■ After an examination of the cases cited by both parties, we believe that the following holding correctly states the law:

"Of all the formal acts to be scrutinized in ascertaining a person's domicile, undoubtedly the act of registering and voting is the most important, and, while not necessarily conclusive, it is usually most convincing and persuasive." (*In re Curtiss* (1931), 140 Misc. 185 [250 N. Y. Supp. 146].)

It is true that Miss Duffy testified that she never intended to change her residence from San Francisco to Merced County. On the other hand, we have her sworn statement that she actually lived in Merced County a few months prior to the commencement of the action, and there is the additional fact that she also exercised her right to vote *after* the action was commenced. Furthermore, she canceled her former registration in San Francisco County. The statement, under oath, that one is a resident of a certain county cannot be brushed aside lightly, with the explanation (given by Miss Duffy) that she made the affidavit so that she could vote. She could still have cast her ballot as an absent voter, while registered in San Francisco. To give no weight to such facts in determining the matter of residence would let down the bars to flagrant violation of our election laws.

■ It is next contended by appellants that the motion should have been granted under the following provision of section 395 of the Code of Civil Procedure:

"If any person . . . has been made a defendant solely for the purpose of having the action tried in the county, city and county, township, city, or town where he resides, his residence

must not be considered in determining the proper place for the trial of the action.''

No authorities are cited in appellants' opening brief. It is not contended by appellants that the complaint fails to state a cause of action against defendant Duffy. It is argued that the history of the proceedings shows that Miss Duffy was made a defendant for the sole purpose of securing a trial in Merced County. They also point out the averment in the affidavit of plaintiff's counsel that the change to Merced County would be more convenient for all parties and lead to a more expeditious disposal of the litigation. The evidence is insufficient to invoke the section quoted. In dismissing the action in Alameda County, where two of the defendants resided, and commencing the action again in Merced County, where one of the defendants resided, plaintiff was pursuing the legal course. ▮ Where there are several defendants who reside in different counties, the law gives plaintiff the option and right of commencing the action in the county where any one of the defendants may reside. (25 Cal. Jur., p. 879, sec. 21.) ▮ An examination of the California cases shows that this question has always arisen where a defendant has not been joined as a party in good faith, and the test usually applied is whether or not the complaint states a cause of action against that defendant. (*McDonald* v. *California Timber Co.*, 151 Cal. 159 [90 Pac. 548].) That test appears to be based upon the premise that the joinder as defendant of a party against whom no cause of action exists, is evidence sufficient to support a finding that such party was so joined for the purpose of having the trial in a certain county. The cases cited by appellants, in their closing brief—*Coen* v. *Watson*, 105 Cal. App. 297 [287 Pac. 525], *Miller* v. *Collins*, 8 Cal. App. (2d) 10 [47 Pac. (2d) 334], and *Smith* v. *Smith*, 30 Cal. App. (2d) 70 [85 Pac. (2d) 473]—all involve a situation where the sole test is based upon a consideration of the allegations of the complaint in respect to whether or not a cause of action is stated against the defendant whose joinder is attacked as an attempt to evade the statute mentioned. The evidence here is sufficient to sustain the finding.

The order is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1941.