[Civ. No. 3040. Fourth Dist. Mar. 16, 1943.]

WANDA KRAFT et al., Respondents, v. E. C. INNIS, Appellant.

Fred O. Reed and Henry E. Kappler for Appellant.

Joseph D. Taylor and T. H. Werdel for Respondents.

MARKS, J.—This is an appeal by defendant E. C. Innis from an order refusing to change the place of trial of the action from Kern County to Los Angeles County.

The first amended complaint contains four separate causes of action which must be considered in some detail.

Paragraph one of the first cause of action alleges that Joseph Smith and Samuel Smith are residents of Bakersfield in Kern County, California; that The San Joaquin Hospital, Inc., Ltd., is located in Kern County and is operated as a hospital; that E. C. Innis is a resident of Newhall in Los Angeles County; that Newhall Community Hospital is a corporation located in Los Angeles County.

Paragraph two contains appropriate allegations concerning the fictitious defendants.

Paragraph three alleges the corporate existence of The San Joaquin Hospital, Inc., Ltd., and that its principal place of business is in the city of Bakersfield, in Kern County, California.

Paragraph four alleges that plaintiffs are husband and wife.

Paragraph five alleges that Joseph Smith is a duly licensed physician and surgeon practicing in Bakersfield, Kern County, California; that Samuel Smith is a duly licensed dentist practicing in the same city; that E. C. Innis is a duly licensed physician and surgeon practicing in Newhall, Los Angeles County, California.

Paragraph six alleges that on June 15, 1940, Wanda Kraft employed all the defendants to treat and care for certain described injuries; that she entered The San Joaquin Hospital on that day for treatment by all defendants.

Paragraph seven alleges the standards of good medical practice in Kern County require the taking of X-ray pictures of injuries such as those from which Wanda Kraft was suffering; that Doctor Joseph Smith negligently failed to have such X-ray pictures taken.

Paragraph eight alleges other standards of good practice in Kern County, and negligence on the part of Doctor Joseph Smith in failing to follow them.

Paragraph nine alleges damages suffered by Wanda Kraft resulting from the alleged negligence of Doctor Joseph Smith.

It is clear that the first cause of action attempts to state a cause of action for damages against Doctor Joseph Smith alone.

Paragraph one of the second cause of action incorporates by reference paragraphs one to six inclusive of the first cause of action.

Paragraph two alleges that on June 15, 1940, plaintiffs employed Doctor Samuel Smith to treat Wanda Kraft's injuries.

Paragraph three alleges certain standards of good practice of dentists in Kern County; that Doctor Samuel Smith was negligent in failing to conform to those standards of good practice.

Paragraph four alleges certain damages suffered by plaintiff Wanda Kraft as the result of this alleged negligence of Doctor Samuel Smith.

Paragraph five alleges other standards of good practice of dentists in Kern County; that Doctor Samuel Smith was negligent in failing to follow them; and that Wanda Kraft was damaged by such alleged negligence of Doctor Samuel Smith.

It is clear that this cause of action seeks damages against Doctor Samuel Smith alone.

Paragraph one of the third cause of action incorporates, by reference, the allegations of paragraphs one to five inclusive of the first cause of action.

Paragraph two alleges that on June 24, 1940, plaintiffs employed Doctor E. C. Innis to treat certain described injuries of Wanda Kraft; that on that date Wanda Kraft entered the Newhall Community Hospital for care and treatment.

Paragraph three alleges certain standards of good practice of physicians and surgeons in Los Angeles County; that Doctor Innis was negligent in failing to conform to those standards in the treatment of Wanda Kraft.

Paragraph four alleges the damages suffered by Wanda Kraft as the result of the alleged negligence of Doctor Innis.

This cause of action seeks to recover damages from Doctor Innis alone.

Paragraph one of the fourth cause of action incorporates by reference all of the allegations of the first, second and third causes of action.

Paragraph two alleges consequential damages of Roy Kraft alleged to have followed from the alleged malpractice of the dentist and the two physicians.

Doctor Innis demurred generally and specially to the several causes of action of the first amended complaint. The demurrer included the grounds of misjoinder of parties defendant and misjoinder of causes of action. The demurrer was sustained with leave to amend.

Doctor Innis also moved to change the place of trial from Kern County to Los Angeles County because of his residence

there. This motion was denied and this appeal was taken from that order.

◼  Had Doctor Innis been the only defendant in the action, his right to have the place of trial changed to Los Angeles County could not be doubted. In *Brown* v. *Happy Valley Fruit Growers, Inc.*, 206 Cal. 515 [274 P. 917], it was said:

"The right of a defendant to have an action brought against him tried in the county in which he has his residence is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions. 'The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.' (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].)"

While this is true, defendants Joseph Smith and Samuel Smith have the same right to have the case against them tried in Kern County, the place where they reside, as defendant Innis has to have the case against him tried in Los Angeles County, the place of his residence. (*Taff* v. *Goodman*, 41 Cal. App.2d 771 [107 P.2d 431].)

The rule governing this case is thus stated in 25 Cal.Jur. 879:

"When none of several defendants resides in the county where the action is brought, they have a right, upon showing that fact — the action being one properly triable in the county of defendants' residence—to have the venue changed to the county where some or all of them reside. But a defendant may not have the action changed to the county of his residence in the absence of a showing that none of the other defendants is a resident of the county in which the action was brought, even though all the defendants join in the demand or consent to the change. In such case the cause will be retained if any of the defendants reside in the county of venue, provided the complaint attempts in apparent good faith to state a cause of action against the defendant or defendants in whose county of residence the action is commenced; and the subsequent dismissal of some of the defendants does not give the right to a change where the complaint as originally filed stated in

good faith a cause of action against them.'' (See, also, *Freeman* v. *Dowling*, 219 Cal. 213 [25 P.2d 980].)

Doctor Innis urges that he should not be forced to trial in Kern County because the wrong he is accused of committing is a tort separate and independent from those charged to the other defendants and that it was improper to join him as a defendant with them. (Sec. 427 Code Civ. Proc.)

It seems to be true that each of the three doctors is accused of a separate tort and that there is no allegation of concurrent negligence, at least between the two Doctors Smith and Doctor Innis. This is true of even the fourth cause of action where Roy Kraft sought consequential damages, because such damages flowed from separate torts committed by separate defendants at different times, and with no act of concurring negligence alleged, and no connection shown between Dr. Innis and the other defendants. Assuming the allegations of the first amended complaint are true, as we must, separate consequential damages followed each act of the separate and unrelated negligence of Doctor Innis and the two Doctors Smith or either of them.

While Doctor Innis may not have the venue changed, he is not without a remedy. Examination of another record in a second appeal in this case shows that plaintiffs filed their second amended complaint to which Doctor Innis demurred. This demurrer was sustained without leave to amend and plaintiffs appealed from the judgment. The questions just considered are reviewable on an appeal from the judgment.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 13, 1943.