[Civ. No. 7490. Third Dist. Dec. 10, 1948.]

JAKE STOKES et al., Respondents, v. WILLIAM A. NEW-SOM et al., Appellants.

James W. Harvey and Elmer C. Mower for Appellants.

Griffin & Cardozo for Respondents.

PEEK, J.—This is an appeal by the defendant Newsom from an order denying his motion for a change of venue from Stanislaus County to the city and county of San Francisco, his place of residence.

The complaint, which is in four counts, states in the caption that it is an action by "Jake Stokes and C. L. Coffee, doing business under the firm name and style of Goodman Service, and Jake Stokes v. William A. Newsom, C. L. Coffee" and various fictitious persons.

The material allegations of the first cause of action are that the plaintiffs as partners under said fictitious firm name

were engaged in the general trucking business in Stanislaus County; that Coffee wrongfully excluded Stokes from the partnership business and possession of the partnership property and in general committed acts in violation of their partnership agreement; that Coffee refused to join as a plaintiff and refused to consent to the prosecution of the action and that at all times Coffee was a resident of Stanislaus County. It was also alleged that a verbal contract, which was ''to be performed in the City of Modesto, County of Stanislaus, State of California'' was entered into by Stokes and Coffee with the defendant Newsom whereby the assets of the partnership were to be conveyed to Newsom who agreed to sell the same to William W. Miles and Pat L. Nolet, copartners doing business as Miles and Sons Trucking Service for the sum of $220,000, the buyers to assume an indebtedness of $181,000; that the balance of the purchase price, $39,000 was to be deposited in escrow at the Modesto Branch of the Bank of America National Trust and Savings Association; that out of said balance Newsom was to pay certain partnership debts, leaving a balance of $30,808.05 to be paid by Newsom to Stokes and Coffee; that said sale was completed, but that Newsom has refused to pay said balance to them.

The material allegations of the second cause of action, which incorporated by reference most of the allegations of the first cause of action, are that Newsom received the said balance of the purchase price as agent of Stokes and Coffee, that he agreed to pay the same to them but has failed to do so. However, said second cause did not incorporate that portion of the first cause relative to the performance of the agreement in Stanislaus County nor was there any separate allegation to that effect.

Plaintiffs' third cause of action also incorporated by reference most of the first cause, including the particular allegation relative to place of performance of the agreement. It was further alleged in said third cause that Newsom had obtained said sum by virtue of said agreement but refused to pay the same although demand had been made upon him.

The fourth count also adopted the allegation of the first count as to place of performance. It further alleged that Coffee conspired with Newsom to induce Stokes to enter the agreement fraudulently promising Stokes that he would receive the entire balance of the purchase price, that by reason of such conspiracy Stokes was damaged in the amount of the balance of said purchase. The complaint concluded with a

prayer for a money judgment in said sum against both New-som and Coffee.

Separate demurrers were filed by Coffee and Newsom and the latter also filed a demand for a change of venue on the grounds that he was at all times a resident of the city and county of San Francisco and that Coffee was improperly joined as a defendant solely for the purpose of having the action tried in Stanislaus County where Coffee resides. After a hearing on the motion the court made its order denying the same and defendant thereupon appealed to this court. Two contentions are made, first that the allegations of the complaint relative to the oral agreement between the parties was insufficient to deprive the nonresident of his right to have the place of trial changed to the county of his residence under section 395 of the Code of Civil Procedure, and, second, that where a resident plaintiff is made a nominal defendant under the circumstances shown in this case a court may not consider the fact of such residence where the nonresident moves for a change of venue to the county of his residence.

The portions of said section 395 of the Code of Civil Procedure pertinent to this controversy provide as follows:

"When a defendant has contracted to perform an obliga-tion in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

It is readily apparent from an examination of the complaint that if it went no further than the first three causes of action which are predicated upon an alleged breach of contract it would be fatally defective in that there is no allegation as to the "county in which such obligation was incurred," nor is there any allegation that the purported agreement was a "special contract in writing" as provided in said section 395. (*Armstrong* v. *Smith,* 49 Cal.App.2d 528, 532 [122 P.2d 115].) ■ However, by virtue of the fourth cause, which is based upon an alleged fraud of the resident defendant Coffee and the nonresident defendant and appellant Newsom the action is properly triable in Stanislaus County, it being "the county in which the defendants, or some of

them, reside at the commencement of the action," and therefore the trial court properly denied the motion. (Code Civ. Proc., § 395.)

■ Even if it be assumed, as appellant contends, that the allegations of the fourth cause are defective, nevertheless if such allegations do "no more than shadow forth the semblance of a cause of action" they would be sufficient against such an attack upon a motion for a change of venue. (*McClung* v. *Watt*, 190 Cal. 155, 160 [211 P. 17].)

This is true inasmuch as here we are not concerned with the artistry of the pleadings but with whether the plaintiff in good faith pleaded a cause of action against the resident defendant, and which cause, even if it be defective, is not so glaringly defective on its face as to preclude any possible rehabilitation.

Paraphrasing the opinion in the McClung case, it is well established that the good faith of the pleader and the sufficiency of the complaint are not to be denied upon a motion for a change of venue unless at first blush it is clearly apparent that the allegations of fact concerning the resident Coffee are in nowise related to the facts alleged and relied upon as a cause of action against the nonresident defendant Newsom, and would under no circumstances warrant the inference that the resident defendant was a party to the purported fraud and deceit alleged to have been practiced upon plaintiff whereby he was induced to and did deliver to Newsom all of the assets of the partnership.

For the foregoing reasons the order is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 7, 1949. Carter, J., voted for a hearing.