[S. F. No. 18446.   In Bank.   Nov. 13, 1951.]

MONOGRAM COMPANY OF CALIFORNIA (a Corporation) et al., Respondents, v. LEWIS A. KINGSLEY et al., Appellants.

Hagar, Crosby, Crosby & Vendt, O'Melveny & Myers, Peter J. Crosby, Jr., J. H. Sapiro and Wolfson & Essey for Appellants.

Freed, Gebauer & Freed, Eli Freed, Emmett Gebauer and Scott Fleming for Respondents.

SPENCE, J.—This is an appeal from an order denying motions made by certain defendants for a change of venue from the county of Alameda to the county of Los Angeles. There is no dispute as to the material facts, and it appears therefrom that the challenged ruling should be sustained.

Plaintiffs brought this action for libel, slander and unfair competition in the county of Alameda, where one of the defendants, Lewis, admittedly resides. All of the other defendants reside in the county of Los Angeles. The complaint contains 20 counts, charging on behalf of each plaintiff various acts of libel and slander as well as conduct constituting unfair competition allegedly committed by defendants, in some instances by all of them and in others by some of them. The nonresident defendants, appearing in two groups, filed concurrently motions for change of venue and demurrers, with the latter pleadings specifying, among other grounds, the misjoinder of parties plaintiff and the misjoinder of causes of action. At the hearing of the motions for change of venue, based solely on the ground of residence of the petitioning defendants, the resident defendant, Lewis, through his counsel, expressly consented to the proposed transfer. The motions were denied, and from the order accordingly entered, this appeal is taken.

The propriety of the court's ruling stems from the general statutory provision that in the absence of specified exceptional cases not here involved (Code Civ. Proc., §§ 392, 393, 394), the "county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action." (Code Civ. Proc., § 395.) Consistent therewith, the basic principles governing the determination of the venue issue were recently stated in the case of *Independent Iron Works* v. *American President Lines,* 35 Cal.2d 858, at page 860 [221 P.2d 939]: "A defendant is

not entitled to have an action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought. (*Donohoe* v. *Wooster,* 163 Cal. 114 [124 P. 730].) Even when all of the defendants join in a demand for or consent to a change of venue the cause will be retained if the complaint attempts in apparent good faith to state a cause of action against a defendant who resides in the county where the action was commenced. (*McClung* v. *Watt,* 190 Cal. 155 [211 P. 17].) When a defendant who resides in the county in which an action is brought is a necessary and proper party defendant it is immaterial that another and the principal defendant resides in another county. (*Hellman* v. *Logan,* 148 Cal. 58 [82 P. 848].)'' ■ Accordingly, a plaintiff who has brought his action in the proper county will not be compelled to go elsewhere merely because all of the defendants prefer it. (*Hearne* v. *DeYoung,* 111 Cal. 373, 376 [43 P. 1108]; *Greenleaf* v. *Jack,* 135 Cal. 154-155 [67 P. 17]; *Quint* v. *Dimond,* 135 Cal. 572, 574 [67 P. 1034]; *O'Brien* v. *O'Brien,* 16 Cal.App. 193, 197 [116 P. 696]; *Aisbett* v. *Paradise Mountain Mining & Milling Co.,* 21 Cal.App. 267, 269-270 [131 P. 330]; *Mitchell* v. *Kim,* 42 Cal.App. 111, 114 [183 P. 368]; also *Delno* v. *Market Street Ry. Co.,* 63 Cal.App.2d 489, 500 [147 P.2d 67]; *Yellow Mfg. Acceptance Corp.* v. *Stoddard,* 93 Cal.App.2d 301, 303 [208 P.2d 1040].)

■ Defendants argue that the present case is distinguishable in that it concerns not a single cause of action against a number of defendants one of whom is a resident of the county wherein suit was commenced, but rather a number of causes of action, in some of which resident and nonresident defendants are joined but in others only the nonresidents are named, so that the latter are entitled to a change of venue where not opposed by the resident defendant. As support for their position, defendants cite the case of *Hagan* v. *Gilbert,* 83 Cal. App.2d 570 [189 P.2d 548], involving a complaint in four counts, one of which failed to state a cause of action against the resident defendant. In affirming the order granting the nonresident defendants' motion for transfer of the place of trial to the county of their residence, the court stated at page 574: ''When a nonresident defendant is entitled to a change of venue upon one cause of action stated in a complaint, he may not be deprived of that right because plaintiff included other causes of action in the same complaint upon which such defendant is not entitled to a change of venue.''

The cases cited in support of this proposition involve the distinguishable consideration of the joinder of local and transitory causes of action (Code Civ. Proc., § 392; *Bardwell* v. *Turner*, 219 Cal. 228 [25 P.2d 978]; *Turlock Theatre Co.* v. *Laws*, 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786]) or the contract exceptions to the general venue provision (Code Civ. Proc., § 395; *Goossen* v. *Clifton*, 75 Cal.App.2d 44 [170 P.2d 104]), and where *none* of the defendants resided in the county in which the respective actions were commenced. In such situation, reference is made to the "important right . . . of the defendant to have the cause tried in the county of his residence" and to the burden of the plaintiff in claiming "the exceptional right of having the cause tried in some other county," to "clearly bring himself within a statutory exception." (*Goossen* v. *Clifton, supra,* 75 Cal.App.2d 44, 49; see, also, *Bardwell* v. *Turner, supra,* 219 Cal. 228, 230; *Turlock Theatre Co.* v. *Laws, supra,* 12 Cal.2d 573, 576-577.) It therefore follows that these last mentioned cases properly apply only where *all* of the defendants are nonresidents of the county in which the action is commenced and the plaintiff has not shown facts entitling him to have the action tried in some county other than that constituting the residence of a defendant. (See, also, *Sexton* v. *Simondet,* 97 Cal.App.2d 894, 900 [218 P.2d 1021].) It has been said that "section 396b of the Code of Civil Procedure permitting the defendant to have certain actions tried in the county where he resides is remedial in nature and should be liberally construed to the end that a defendant may not be unjustly deprived of that right." (*Lyons* v. *Brunswick-Balke-Collender Co.,* 20 Cal.2d 579, 582 [127 P.2d 924, 141 A.L.R. 1173].) But no analogous basis for the application of such principle appears in the *Hagan* v. *Gilbert* case, where the action was in fact commenced in the county of residence of one of the defendants. Accordingly, the determination of the venue issue in that case, without regard for the noted distinguishing factor, must be disapproved.

By reason of the liberal statutory joinder rules, a number of causes of action may properly be joined in the same complaint (Code Civ. Proc., § 427), and it is not necessary that each defendant be included in every cause of action. (Code Civ. Proc., § 379b.) As so noted, these joinder provisions must be correlated with the venue provisions—the former prescribing what causes and parties a single action may include and the latter prescribing where such action as an

entirety may be tried. No objection is raised here with regard to Lewis as a properly named defendant in 12 of the 20 transitory causes of action joined in the present complaint. Accordingly, the action as an entire cause was properly retained in the county of his residence. (*Kraft* v. *Innis,* 57 Cal. App.2d 637 [135 P.2d 29]; *Stokes* v. *Newsom,* 89 Cal.App.2d 147 [200 P.2d 17].) Such conclusion complies with the statutory design for determination of the proper place of trial, as reference to the last cited cases will demonstrate.

In *Kraft* v. *Innis, supra,* three physicians were sued in separate counts for malpractice, two of the defendants being residents of Kern County, where the action was commenced, and the third being a resident of Los Angeles County. The latter defendant moved for a change of venue to Los Angeles, and he also demurred to the complaint on the grounds of misjoinder of parties defendant and misjoinder of causes of action. In considering the venue problem at page 640, the court recognized at the outset that had the nonresident been "the only defendant," the propriety of the proposed transfer to his county of residence "could not be doubted." But then observing the conflicting places of residence of the several defendants, each of whom had the same right as each of the other defendants, the court quoted the governing principle from 25 California Jurisprudence 879: ". . . a defendant may not have the action changed to the county of his residence in the absence of a showing that none of the other defendants is a resident of the county in which the action was brought, even though all the defendants join in the demand or consent to the change. In such case the cause will be retained if any of the defendants reside in the county of venue, provided the complaint attempts in apparent good faith to state a cause of action against the defendant or defendants in whose county of residence the action is commenced. . . ." Accordingly, the order denying the nonresident defendant's motion for a change of venue was affirmed. The parties' respective positions as to the alleged misjoinder of causes of action were discussed in a subsequent appeal before this court, *Kraft* v. *Smith,* 24 Cal.2d 124 [148 P.2d 23], and in sustaining the joinder of the separate tort claims as consistent with considerations of justice in the effective disposition of the entire action, passing reference was made to the venue problem there involved as follows, at page 130: "The facts that defendants reside (and practice) in different counties and that one of them may have to attend court and present his defense in a county other than that of his residence, present a considera-

tion which must be presumed to have been hypothetically weighed by the Legislature in enacting the law. The axiology of the matter was for that body; . . .''

In *Stokes* v. *Newsom, supra,* the complaint was in four counts. Three of the counts sounded in contract and the fourth in fraud. The first three counts stated no cause of action against the defendant Coffee, who resided in the county where the action was brought, but the fourth did. In affirming an order denying a motion to change the place of trial to the county of the other defendant's residence, the court said at pages 149-150: ''It is readily apparent from an examination of the complaint that if it went no further than the first three causes of action . . . it would be fatally defective. . . . However, by virtue of the fourth cause, which is based upon an alleged fraud of the resident defendant Coffee and the non-resident defendant and appellant Newsom the action is properly triable in Stanislaus County, it being 'the county in which the defendants, or some of them, reside at the commencement of the action,' and therefore the trial court properly denied the motion. (Code Civ. Proc., § 395.)''

As appears from these cases, plaintiffs have the right to select the venue within the restricted statutory limits. In contemplation of a situation where there are multiple defendants, not all of whom are joined in the several causes of action, and the venue problem for the entire action must be resolved in the light of their various counties of residence, the last sentence of section 395 (1), Code of Civil Procedure, expressly provides: ''If any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county . . . where he resides, his residence must not be considered in determining the proper place for the trial of the action.'' No contention is made that the resident defendant, Lewis, is identifiable with either of these objectionable considerations authorizing disregard of his residence in determining plaintiffs' right to choose the venue for this action. (Code Civ. Proc., § 405.) However, defendants insist that they are entitled to the removal by reason of the fact that the resident defendant, Lewis, expressly consented thereto, and they claim that the principle of decision in the *Kraft* v. *Innis* and *Stokes* v. *Newsom* cases therefore rests on a distinguishable ground in that such consent was not there given to the transfer proposed by the nonresident defendant. But the alleged distinction lacks

validity in the light of the plain wording of the statute prescribing the applicable limitations affecting the venue question. While there is language in some of the earlier cases tending to support the defendants' position (e.g. *Sullivan* v. *Lusk,* 7 Cal.App. 186, 189-190 [94 P. 91, 92]), the effect of joinder in the venue motion or consent to the change was not a point in issue, and such language must be disapproved as constituting an incorrect statement of the law under the applicable statute. (Code Civ. Proc., § 395; see *Aisbett* v. *Paradise Mountain Mining & Milling Co., supra,* 21 Cal.App. 267, 269-270; *White* v. *Anderson,* 50 Cal.App.2d 634, 636 [123 P.2d 543].) Rather here as in other cases in which venue depends upon the residence of a defendant, the general rule prevails in determining the ''proper county for the trial of the action'' and the consent of the resident defendant to the proposed transfer cannot deprive the plaintiffs of their right to have the action tried in the county of the consenting defendant's residence. (*Independent Iron Works* v. *American President Lines, supra,* 35 Cal.2d 858, 860.)

The order is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.