[Civ. No. 8832.    Third Dist.    Feb. 1, 1957.]

ROBERT G. WILEY, Appellant, v. RAYMOND S. LONG et al., Respondents.

Landis & Brody and Alvin Landis for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Blaine McGowan, Huber & Goodwin, Hill & Hill and Robert Hill for Respondents.

SCHOTTKY, J.—This is an appeal by plaintiff from an order of the Superior Court of Placer County transferring the place of trial of the above-entitled cause to the Superior Court of Humboldt County.

Count I of the original complaint alleges that plaintiff was an employee of the Department of Fish and Game from April 1, 1951, to September 18, 1951, on which date he resigned; that he was at all times a police officer by profession; that he was employed as such by the City of Eureka, County of Humboldt, from July 14, 1949, to April 21, 1953, except for the interval of employment with the State Department of Fish and Game; that he was discharged from his position as police officer on April 21, 1953; that on June 5, 1953, the defendant Long wrote a letter which, in effect, stated that plaintiff had attempted to defraud the state by filing false claims for refund of expenses. The count further alleges that the letter was false, malicious and defamatory and that plaintiff, in fact, had not filed any false or untrue statement of expenses with the State of California, and that all and every portion of said letter charging plaintiff with such improper conduct are and were false, malicious, libelous, and untrue.

Count II of the original complaint alleges that defendant C. Emahiser ''did publish said false, defamatory, and libelous statements by delivering said letter to the defendants, GEO. J. COLE, RONALD W. CAMERON, FRED F. THEVENIN, ANNIE McGARAGHAN, and GEO. C. JACOBS,'' and alleges a malicious libel by these defendants by the publication of this letter in the form of an advertisement which quoted the letter in full and which contained other statements which, in effect, charged the plaintiff with being dishonest and the head of a gang of dishonest police officers.

All of the defendants, except Long, are residents of Humboldt County. For convenience, they will be referred to as nonresident defendants.

The nonresident defendants filed general and special demurrers to the original complaint. In addition, they filed demands for a change of venue to Humboldt County. These defendants claimed that the reason Long was named as a

defendant was to place the venue in Placer County. In support of this contention, the nonresident defendants filed their several affidavits of merits setting forth substantially that Count I of the original complaint failed to state a good cause of action against the defendant Long in that the alleged letter published by him was written in his capacity as an official of the Department of Fish and Game of the State of California, and was, therefore, a privileged communication as defined by section 47 of the Civil Code and the various applicable subdivisions thereof.

Before argument was had on either the demands for change of venue or the demurrers, plaintiff filed, purportedly as a matter of right under section 472 of the Code of Civil Procedure, his first amended complaint. Count I of the first amended complaint, in addition to the allegations set forth in the original complaint, further alleged that the letter was not written by the defendant Long in the proper discharge of any official duty or in any official proceeding and that the defendant Long wrote said letter maliciously and intended to injure plaintiff by the publication of the libelous statement.

The demands for change of venue and the demurrers filed with respect to the original complaint were dropped from the calendar.

After the filing of the first amended complaint, Long, who is represented by the Attorney General of the State of California, filed his answer thereto. He denied generally the allegations in Count I of said amended complaint and, in addition, pleaded several special defenses, among which were defenses relating to privileged communication and absence of malice in writing and mailing the letter referred to. The nonresident defendants filed new motions for change of venue, this time attacking Count I of the first amended complaint. The affidavits of merits, filed by each of the nonresident defendants, were substantially identical in language. Each recited that Count I of the first amended complaint failed to state a cause of action against the defendant Long for the reason that the letter was written by Long in his capacity as an official of the Department of Fish and Game and was, therefore, a privileged communication as defined by section 47 of the Civil Code and the various applicable subdivisions thereto.

Following a hearing upon the motions for change of venue the court made the order transferring the cause, and plaintiff has appealed therefrom.

In arguing for a reversal of the order appellant calls attention to the well settled rule that where a number of defendants are joined in the same action, those who are nonresident may not have a change of venue to the county of their residence unless they can show that none of the other defendants is a resident of the county in which the action is brought. (Code Civ. Proc., § 395; *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28 [237 P.2d 265].)

Respondents in reply contend that the foregoing rule is not applicable to the instant case because, they assert, a cause of action is not stated against defendant Long and he was included as a defendant for the purpose of attempting to confer jurisdiction upon the Superior Court of Placer County and for the further purpose of attempting to deprive the respondents of their right to change the place of the trial to the county of their residence. They argue that the rule is well established that an action will be transferred where a resident defendant is joined with a nonresident defendant or defendants and the complaint shows on its face that no cause of action is stated against the resident defendant.

Certain applicable rules are well stated in *McClung* v. *Watt*, 190 Cal. 155, at pages 159-161 [211 P. 17], as follows:

"The motion for a change of place of trial to the county of the party's residence must be made by the moving party and determined by the court in advance of any other judicial action in the case. (*Heald* v. *Hendy*, 65 Cal. 321 [4 P. 27]; *Brady* v. *Times-Mirror, supra* [106 Cal. 56 (39 P. 209)].) Hence the right to a change of place of trial to the residence of a defendant must necessarily be determined by the status of the parties joined as defendants in the action as revealed by the pleadings existing at the time the party claiming the right first appeared in the action. (*Buell* v. *Dodge*, 57 Cal. 645; *Remington S. M. Co.* v. *Cole*, 62 Cal. 311; *Brady* v. *Times-Mirror Co., supra*; *Donohoe* v. *Wooster*, 163 Cal. 114 [125 P. 730].) If the complaint in the instant case attempts, in apparent good faith, to state a cause of action against the corporation defendant, the individual defendant, Watt, did not have the right to have the place of trial changed to the county of his residence. The sufficiency of the complaint and the good faith of the pleader are not to be denied, upon a motion for a change of venue, unless, at first blush, it can be clearly seen and said that the allegations of fact concerning the corporation defendant are in nowise related to the facts

alleged and relied upon as a cause of action against the defendant. . . .

"Conceding these allegations to be faulty in form, and in a measure vague and indefinite and somewhat ambiguous, nevertheless, when considered in conjunction with the remaining allegations of the complaint, even though they be strictly construed, it cannot be said that they are so inherently and utterly devoid of merit as to be radically insufficient upon which to found a cause of action. In short, it cannot be held that the allegations of the complaint, concerning the corporation defendant, are clearly bad and manifestly the making of a sham and frivolous pleading. If the allegations in question did no more than shadow forth the semblance of a cause of action they would be proof against assault upon the ground that they were sham and frivolous. . . .

"True it is the complaint as a whole, and the allegations in question in particular, may be susceptible to special demurrer for some insufficiency of fact, as well as ambiguity and uncertainty, but whatever defects there may be in the form and phrasing of the complaint it is not so grievous but that it may be cured by appropriate allegations, founded, of course, in truth, by amendment following a ruling upon demurrer. It is enough, however, upon the hearing and determination of the demand for a change of venue, that the cause of action purported to be stated against the corporation defendant was apparently pleaded in good faith and is not, *prima facie*, so glaringly and vitally defective as to be beyond correction by amendment."

(See also *Gottesfeld* v. *Richmaid Ice Cream Co.*, 115 Cal. App.2d 854 [252 P.2d 973]; *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28 [237 P.2d 265]; *Freeman* v. *Dowling*, 219 Cal. 213 [25 P.2d 980]; *Dallman Supply Co.* v. *Sweet*, 86 Cal.App.2d 780 [195 P.2d 864]; *Dennis* v. *Overholtzer*, 143 Cal.App.2d 606 [299 P.2d 950].)

Section 47 of the Civil Code provides:

"A privileged publication or broadcast is one made——

1. In the proper discharge of an official duty.

2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law; . . .

3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the

communication innocent, or (3) who is requested by the person interested to give the information."

Appellant contends that there is nothing in either the original complaint or in the amended complaint to indicate that defendant Long's action in publishing the letter was absolutely privileged under subdivisions 1 and 2 of section 47 of the Civil Code, nor does either complaint allege any matter which would disclose a qualified privilege under subdivision 3, but that even if such a qualified privilege does appear from the allegations, it is not a defense since it is alleged that the publication was in fact motivated by malice. Appellant argues that the questions as to whether this letter was an official communication and whether the publication was malicious are questions of fact to be determined upon the trial of the action, and that the fact that one individual holding office writes a letter on official stationery to another individual holding public office does not necessarily mean that the communication is an official proceeding, nor that the sending of the letter was an official duty.

Appellant cites *Layne* v. *Kirby*, 208 Cal. 694 [284 P. 441], in which the complaint alleged that the defendant was a clerk in the War Department where the plaintiff also worked, and that the defendant wrote a letter to the Secretary of War concerning plaintiff which contained libelous matter. A demurrer was sustained on the ground that the letter was privileged under section 47, subdivision 2, of the Civil Code. The Supreme Court reversed the judgment, stating at page 696:

"The complaint, if it shows privilege at all, shows only that the publication was qualifiedly privileged under the provisions of subdivision 3 of section 47 of the Civil Code. That subdivision provides that a publication is privileged when it is made 'In a communication, without malice, to a person interested therein by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information.' Section 47, subdivision 2, provides that a privileged publication is one made 'In any legislative or judicial proceeding, or in any other official proceeding authorized by law.' But it is not ascertainable from the complaint that the communication addressed by the defendant to the Secretary of War was intended to, or did in fact, initiate an authorized proceeding for any purpose.

If such indeed is the case, i.e., that the letter properly initiated a proceeding before the Secretary of War and the communication is claimed to be absolutely privileged by virtue of the provisions of subdivision 2 of section 47 of the Civil Code, that claim cannot be made nor the privilege be successfully asserted by demurrer when the complaint itself does not show such privilege. In such a case privilege must be specially pleaded. (*Stevens* v. *Snow* [191 Cal. 58 (214 P. 968)], *supra.*) Where, as here, the complaint shows on its face no more than that the libelous publication was made in a communication to a person interested, etc., and malice is pleaded, the plaintiff states a cause of action. The demurrer was improperly sustained.''

We do not agree with respondents that the allegations of either the original complaint or of the amended complaint show that the letter written by defendant Long was absolutely privileged. We believe that it shows only that it was qualifiedly privileged under the provisions of subdivision 3 of section 47 of the Civil Code. The original complaint alleged that the letter was ''false, malicious and defamatory''; that every portion of it charging plaintiff with improper conduct was ''false, malicious, libelous, and untrue''; and that defendant Long, by the publication of said letter, ''intended to convey the meaning, and said letter was understood by the persons reading it to mean, that the plaintiff had filed a false and untrue statement of expenses with the State of California, and had intended thereby to defraud the State.''

While said allegations may be subject to special demurrer, we do not believe that it is correct to hold upon a motion for change of venue that the cause of action against defendant Long was not ''pleaded in good faith'' or is ''prima facie, so glaringly and vitally defective as to be beyond correction by amendment.''

As hereinbefore noted, Long, the resident defendant, filed no demurrer but filed an answer to the amended complaint pleading the special defense of absence of malice.

[2] We believe that as stated in *Gottesfeld* v. *Richmaid Ice Cream Co.*, 115 Cal.App.2d 854, at page 856 [252 P.2d 973]:

''In determining the question whether the resident defendant has been joined solely for the purpose of having the action tried in the county of his residence 'the real issue for determination by the trial court was whether plaintiff, in joining the resident defendant as a party, had reasonable

grounds for the belief in good faith that the plaintiff had a cause of action against the resident defendant.' [Citations.]

■ It is also the rule 'that upon the hearing of such motion, the court should not try, upon conflicting affidavits, the issues of fact going to the merits of the cause of action stated against the resident defendant.' [Citations.]''

· The implied finding of the court that plaintiff in joining Long as a defendant did not have reasonable grounds for belief in good faith that plaintiff had a cause of action against Long is without support factually from the face of the pleadings and from the affidavits.

■ The affidavits in support of the motions for change of venue alleged that plaintiff made Long a defendant solely for the purpose of having the action tried in the county of Placer and for the purpose of depriving the other defendants of the right to have the action tried in Humboldt County. Such an allegation does not amount to a charge of bad faith because if appellant had a cause of action against Long he had an absolute right to try it in Placer County. In such a situation it is the plaintiff who has the right to pick the place of trial. Saying that he joined Long for the purpose of depriving the defendants of their "right" to have the cause tried in Eureka amounts to nothing, because if he had a cause of action against Long or if he believed in good faith that he did have a cause of action against Long, then he was the one that had the "right" to pick the place of trial, and the other defendants had no "right" to complain. It is to be noted that in none of the affidavits in support of the motions is there any specific charge made of bad faith or fraud or any charge that plaintiff or his counsel did not in good faith believe that he had a cause of action against Long.

In *McDonald* v. *California Timber Co.*, 151 Cal. 159 [90 P. 548], in holding that the motion of the corporate defendant was properly denied, the court said at page 160:

". . . unless it had a right to show, and succeeded in showing, as it attempted to do, that plaintiff, without having any cause of action against Dent, or any reason to believe that he was liable to respond in damages for the injury alleged, had fraudulently named him as a defendant for the mere purpose of defeating the right of the real defendant to demand a change of the place of trial to the county of its legal residence."

And in *California Collection Agency* v. *Fontana*, 61 Cal. App.2d 648, the above language is quoted with approval and

the court stated further, at page 655 [143 P.2d 507]:

"... In *Henderson* v. *Cohen*, 10 Cal.App. 580 [102 P. 826], the court treats the issue as one akin to fraud and, in affirming an order denying the motion, said on page 584, '... we think the plaintiff not only acted properly in joining him [the resident defendant] but that it was the safest course for him to adopt.' In *Pacific Coast Auto. Assn.* v. *Ahlf,* 115 Cal.App. 21 [300 P. 841], the issue is again treated as one akin to fraud and the evidence was held 'sufficient ... to show that certain of the defendants were not joined in bad faith. ...' (p. 24.) The court further said on page 25, 'It is enough upon the hearing and determination of the demand for change of venue, that the cause of action purported to be stated is apparently pleaded in good faith. ...' "

In view of the foregoing we conclude that the court erred in granting the motions for change of venue.

The order is reversed.

Van Dyke, P. J., and Peek, J., concurred.