LUCILE RAWLEIGH SMITH, Respondent, v. QUENTIN ROLAND SMITH, Appellant.

George Stahlman and Harry Duckett for Appellant.

Arthur William Green for Respondent.

NOURSE, P. J.—The defendant appeals from portions of a minute order entered by the trial court in a divorce proceeding requiring him to remove himself from the family home and to authorize the sale of a brokerage account, the proceeds of which would be deposited with a trustee, to be used for the support of the plaintiff and the minor children of the parties.

The plaintiff filed a complaint for divorce, in which she alleged that while in an intoxicated condition the defendant had used firearms in and about their home premises, had threatened her life and the lives of her children and had destroyed property in and about the residence. The defendant filed a demurrer to the complaint. On plaintiff's affidavit the court issued an order to the defendant to show cause why he should not be required to pay plaintiff's attorney's fees, to pay a sum of money for support of his wife and children and to leave the family residence pending the hearing of the action. The defendant was served with the order and filed an affidavit in opposition relating to the financial condition of the parties, but not denying the charges of misconduct in the family home. The order to show cause was heard after a hearing in chambers as a conciliation matter where the court was unable to effect a reconciliation. A minute order was thereupon entered requiring defendant to move from the family home; the order further provided: " . . . defendant to authorize the broker to sell out the brokerage account, deliver the proceeds from said sale to plaintiff's and defendant's attorneys and they are to choose a trustee with

whom to deposit the money; said money to be used to support the plaintiff and the children.'' Defendant filed a notice of appeal from these portions of the order. He was subsequently adjudged in contempt of court for disobeying the order but was discharged after a hearing on his petition for habeas corpus, the operation of the mandatory order having been stayed by the appeal.

The first question presented on this appeal is whether the trial court had jurisdiction to order appellant to remove himself from the family home pending the trial of the divorce action. The complaint filed in the proceeding alleged that appellant had committed acts of violence about the residence, had threatened the life of respondent and the children and had destroyed property; this allegation of the complaint constituted a portion of the record to be considered by the trial court at the hearing of the order to show cause and was admitted by appellant's demurrer and failure to deny. The hearing was held after lawful notice had been given to appellant, and seems to have been conducted in part in the nature of a conciliation proceeding under section 1767, Code of Civil Procedure. Since no reporter was present in chambers the transcript of testimony fails to disclose whether or not any evidence was then introduced to substantiate the allegation in the complaint concerning appellant's violence. However, the subsequent order to show cause in the contempt proceeding, which has been included in the record on appeal, indicates that the minute order appealed from was made on statements of the appellant and on facts stated by counsel for both parties in appellant's presence, and not denied by him, to the effect that upon one occasion he discharged firearms in the home, destroyed property and threatened the lives of his family to the extent that it was necessary to summon the police to disarm him. In addition to this the admitted allegations of the complaint were evidence of those facts upon the hearing. Hence it must be taken to have been pleaded and proved that appellant, on one occasion at least, was violent about the home, threatened the lives of his family, and irreparable injury might result from his continued presence there.

Under such circumstances it is clear that the trial court acted within its jurisdiction in entering an order in the nature of a temporary injunction excluding appellant from the residence during the pendency of the action. The power

to make such an order is specifically granted to the courts by the legislature and appears in subdivision 2 of section 526 of the Code of Civil Procedure providing that an injunction may be granted "When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action." It might also be noted in passing that the requirements of service and notice set forth in section 527 of the Code of Civil Procedure were followed and therefore the issuance of the temporary injunction was within the jurisdiction and power of the court. The appellant relies upon *Luitwieler* v. *Luitwieler*, 57 Cal. App. 751 [207 Pac. 931]. That case was decided upon the ground that it was an abuse of discretion to make the order because it did not appear that any physical injury was threatened. Here the appeal is confined strictly to the question of power and jurisdiction. In holding that the superior court has such jurisdiction we do not pass upon the facts supporting the order, or of the discretion in making it.

The only other issue raised is whether or not the trial court had jurisdiction to order appellant to sell the brokerage account in order that the proceeds from the sale might be used by a trustee for the support of respondent and the minor children of the parties pending the hearing of the action. Section 137 of the Civil Code provides that when an action for divorce is pending the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children or to prosecute or defend the action. (1 Cal. Jur. 958.) Section 140 of the Civil Code provides: "The court may require the husband or wife, as the case may be, to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case." In executing these sections the court must resort to the community property, then to the separate property of the husband. (Section 141 of the Civil Code.)

Under these code sections it is clear that the court acted within its power in ordering the brokerage account sold and the money received from the sale delivered to a trustee to be used to support respondent and her children. Although the general rule is to the effect that a money judg-

ment must be stated with certainty (*D'Arcy* v. *D'Arcy*, 89 Cal. App. 86, 92 [264 Pac. 497]) this rule cannot be held applicable to a situation wherein alimony *pendente lite* is awarded and a receiver is appointed to use the money for the support of the wife and children as required by them for their support during the course of the litigation. ■ The order to appellant to sell the brokerage account was in the nature of an order to deliver personal property and contained all of the elements essential to the rendition of an order of court; to wit, there was an application in a pending action for the order addressed to the court, the court had jurisdiction of the parties and subject matter, notice was given to the adverse party, and a hearing was had in open court, at which both parties were present. (*United Railroads* v. *Superior Court*, 197 Cal. 687, 691 [242 Pac. 701].) In fact, from the record before us, it would appear that counsel for appellant agreed in open court to the arrangement.

The trial court acted within its jurisdiction in making the order and we find no error committed by the court in entering it.

The portions of the order appealed from are affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1942. Curtis, J., Edmonds, J., and Carter, J., voted for a hearing.