[Civ. No. 8809.   Third Dist.   Aug. 1, 1956.]

PHYLLIS B. DENNIS, Plaintiff and Respondent, v. ARTHUR E. OVERHOLTZER et al., Appellants; W. V. DENNIS, JR., et al., Defendants and Respondents.

Howard B. Crittenden, Jr., for Appellants.

Otto A. Hoecker for Plaintiff and Respondent.

Raymond J. O'Connor for Defendants and Respondents.

McMURRAY, J. pro tem.*—This is an appeal from an order of the Superior Court of Sonoma County denying the motion of defendants Overholtzer for a change of venue and from an order requiring certain defendants to deposit rents with the county clerk. The plaintiff, Phyllis B. Dennis, filed a complaint seeking declaratory relief and damages against the defendants Overholtzer and seeking declaratory relief against the other defendants named. The defendants W. V. Dennis, Jr., and John W. Bryson filed affidavits opposing the motion for change of venue on the ground that each of them was a resident of the county of Sonoma where the action was originally filed.

Appellants strenuously urged that Dennis, Jr., and Bryson are joined only in their capacities as lessees under a lease from the Overholtzers and that since it appears from their pleadings that they are not, in fact, adversary parties to the plaintiff Dennis they are not necessary and proper parties. Furthermore, that, since they admit the existence of the lease but merely state in their answers that they do not know whether to pay the moneys due under the lease to plaintiff Dennis or defendants Overholtzer, no controversy can exist between them and the plaintiff. In other words, the appellants base their appeal mainly upon the proposition that Dennis, Jr., Bryson and Livermore are not necessary or proper parties but are merely stakeholders.

The briefs in this matter have been of small assistance to the court as they are replete with arguments as to the merits of the action and contain many splenetic references to opposing parties and counsel.

In the complaint on file it is alleged that an actual controversy exists between the plaintiff and the defendants as to their rights and duties in respect to certain real property and the rentals which may become due. ▮▮ The trial court upon its hearing decided that Bryson and Dennis, Jr., were residents of Sonoma County and proper and necessary parties to the action. This was in accordance with the statement in *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28 [237 P.2d 265], to the effect that under the provisions of Code of Civil Procedure, section 395, where a defendant is properly named in one cause of action and he is a resident of the county where the action is brought, the venue for the entire action is in that county. Appellant seeks to have this court review the

*Assigned by Chairman of Judicial Council.

merits of the pleadings on file in order to find that defendants Dennis, Jr., and Bryson are not proper or necessary parties. **[2]** The rules here applicable are stated in *Gottesfeld* v. *Richmaid Ice Cream Co.*, 115 Cal.App.2d 854, 856 [252 P.2d 973]:

". . . '[I]f the allegations in question did no more than shadow forth the semblance of a cause of action they would be proof against assault upon the ground that they were sham and frivolous. . . . It is enough . . . upon the hearing and determination of the demand for a change of venue, that the cause of action purported to be stated against the . . . defendant was apparently pleaded in good faith and is not, prima facie, so glaringly and vitally defective as to be beyond correction by amendment.' (*McClung* v. *Watt,* 190 Cal. 155, 160-161 [211 P. 17]; *Mills* v. *Brown,* 205 Cal. 38, 41 [269 P. 636]; *Freeman* v. *Dowling,* 219 Cal. 213, 216 [25 P.2d 980]; *Independent Iron Works, Inc.* v. *American President Lines, Ltd.,* 35 Cal.2d 858, 860 [221 P.2d 939].)"

Assuredly in this case there is a sufficient statement of a cause of action to shadow forth the semblance of a cause of action against defendants Dennis and Bryson. The case of *Gottesfeld* v. *Richmaid Ice Cream Co., supra,* further states with clarity the rules and duties of a court upon a motion for change of venue. That case stated that under the facts there presented the change of venue granted was proper, but the language is apposite here. ▋ In that opinion, at page 856, it is said:

"In determining the question whether the resident defendant has been joined solely for the purpose of having the action tried in the county of his residence 'the real issue for determination by the trial court was whether plaintiff, in joining the resident defendant as a party, had reasonable grounds for the belief in good faith that the plaintiff had a cause of action against the resident defendant.' (*California Collection Agency* v. *Fontana,* 61 Cal.App.2d 648, 653-654 [143 P.2d 507]; *White* v. *Kaiser-Frazer Corp.,* 100 Cal.App. 2d 754, 758 [224 P.2d 833]; *Freedman* v. *Imperial Cattle Co.,* 112 Cal.App.2d 593, 597 [246 P.2d 986].) ▋ It is also the rule 'that upon the hearing of such motion, the court should not try, upon conflicting affidavits, the issues of fact going to the merits of the cause of action stated against the resident defendant.' (*California Collection Agency* v. *Fontana, supra,* 61 Cal.App.2d p. 653; *White* v. *Kaiser-Frazer Corp., supra,*

100 Cal.App.2d 758; *Freedman* v. *Imperial Cattle Co., supra,* 112 Cal.App.2d p. 596.)''

Here, the trial court was confronted with a question of fact on the motion for the change of venue. It determined that question adversely to the appellants. In so doing, we are of the opinion that it acted properly and legally in view of the foregoing rules.

The purported appeal from the order of the trial court requiring certain defendants to deposit rents with the county clerk is not, in our opinion, such an order as to be appealable since it is not within the purview of any of the code sections on appeal. The order denying defendants Overholtzer's motion for a change of venue is affirmed, and the purported appeal from the order requiring certain defendants to deposit rents with the county clerk is dismissed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied August 27, 1956, and appellants' petition for a hearing by the Supreme Court was denied September 25, 1956.