[Civ. No. 8921.   Third Dist.   Mar. 12, 1957.]

PHYLLIS B. DENNIS, Respondent, v. ARTHUR E. OVERHOLTZER et al., Appellants.

Howard B. Crittendon for Appellants.

Otto A. Hoecker and Raymond J. O'Connor for Respondent.

VAN DYKE, P. J.—This is an appeal from an order granting a preliminary injunction. Plaintiff, Phyllis B. Dennis, filed an action asking the specific performance of an alleged contract whereunder Arthur E. and Orpha Overholtzer had agreed to sell to her certain real property. She prayed for damages in the alternative if specific performance could not be had. She alleged the purchase price of the property to have been $22,000, $1,000 down and the balance on delivery of deed conveying good title, subject only to leases to defendants John W. Bryson and Norman B. Livermore, Jr., as to part of the property and to defendant W. V. Dennis, Jr., as to the rest. She alleged that a title report disclosed a prior recorded lease affecting the property running to defendant A. R. Cornelius and that the lease contained an option whereunder Cornelius could purchase; that the Overholtzers claimed to have terminated that lease and that Cornelius had no real interest. She alleged performance by her of the purchase contract, a tender to the Overholtzers of the balance of the purchase price, and her continuing willingness to pay for the property upon obtaining a deed as agreed upon. She further alleged a

refusal of the Overholtzers to perform the purchase agreement. The complaint also set forth that, having tendered performance and being entitled to a deed, plaintiff had demanded of the tenants that rentals be paid to her. Plaintiff alleged that actual controversies existed between herself and the several defendants and between the several defendants among themselves, and she asked a declaratory judgment determining all matters in controversy. W. V. Dennis, Jr., answered, asserting, among other things, that he was a lessee and that conflicting demands had been made upon him for the rent. He asked that declaratory relief be accorded him in that respect. Bryson and Livermore interposed the same pleas. Cornelius appeared and cross-complained, setting up a claim adverse to all parties to possession under his recorded lease and asserting an unexpired option to purchase. Dennis, Jr., then cross-complained against the Overholtzers, alleging that he was under suit as their tenant by Cornelius, who sought to oust him with damages for his possession of the property. He sought adjudication of the rights of the parties in respect to the claims of Cornelius and, if ousted, damages from his lessors. The Overholtzers answered, denying they had agreed to sell to plaintiff and alleging they had made the contract she counted on with her husband to whom they had tendered a deed. They acknowledged the lease to Dennis, Jr., and to Bryson and Livermore. They denied the tenancy and option claimed by Cornelius. Plaintiff moved the court for and obtained an order impounding rents pending the outcome of the litigation. The Overholtzers, having made demands upon Dennis, Jr., for the payment of rent to them, served upon him a notice of unlawful detainer and a statement that they intended to institute an action to obtain possession of the property. Thereupon he applied to the court for an order restraining them from pressing their demands on him and from doing anything to interfere with his occupancy and possession of the property and from instituting actions against him pending the determination of the action. The court issued a temporary injunction whereby it restrained the Overholtzers during the pendency of the action and until its final determination or until the court should otherwise order, from commencing or maintaining any action or proceeding in unlawful detainer against Dennis, Jr., or for ejectment or eviction of Dennis, Jr., from the property held by him under the lease or for the recovery of possession of that property from him.

From the order granting the injunction the Overholtzers have appealed.

The appellants maintain that a preliminary injunction could not be granted in this action because no injunctive relief is asked in the complaint. The contention is not sound. ■ It is true that if a preliminary injunction is sought upon a complaint rather than upon affidavits the complaint must state a cause of action for such relief. (*Moreno Mut. Irr. Co.* v. *Beaumont Irr. Dist.*, 94 Cal.App.2d 766, 778 [211 P.2d 928].) However, upon a proper showing in any type of action a court may issue an injunction to maintain the status quo or to prevent irreparable injury during pendency of the suit. (28 Am.Jur. pp. 208-209.)

". . . The power to make such an order is specifically granted to the courts by the legislature and appears in subdivision 2 of section 526 of the Code of Civil Procedure providing that an injunction may be granted 'When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action.'" (*Smith* v. *Smith,* 49 Cal.App.2d 716, 718-719 [122 P.2d 346].)

■ The issuance of a temporary injunction rests within the trial court's sound discretion and on appeal an order granting such injunction will not be reversed in the absence of a plain showing of abuse of discretion. (*Daniels* v. *Williams,* 125 Cal.App.2d 310, 312-313 [270 P.2d 556].) It is apparent from the statement of the issues involved that the trial court was engaged in adjudicating many real controversies betweeen the parties to the action, all revolving around the title and right to possession of the same land; that it had caused rentals from the tenants to be impounded; that the tenants were paying rentals to the clerk of the court under that order; that in the action before it the Overholtzers' right to repossess the land from Dennis, Jr., could be adjudicated as well as, if not better than, in the proposed unlawful detainer suit. To be sure, the affidavits of the Overholtzers and their counsel in opposition to the injunctive order appealed from alleged that with respect to Dennis, Jr., the full rental accruing under his lease was not being paid. That lease provided for a percentage of income from a lumber remanufacturing plant upon the leased premises being operated by Dennis, Jr. The lease also contained an undertaking that Dennis, as lessee, would repay to the Overholtzers counsel fees incurred in

any litigation resulting from the acts of Dennis, Jr. The Overholtzers, claiming that Dennis, Jr., was responsible for the assertions of claims by Cornelius, had presented him with a bill of more than $2,800 for such counsel fees, which he refused to pay. ■ Nevertheless, under all the circumstances related we think the court was justified in entering the order appealed from. It was exercising jurisdiction competent to determine the various and conflicting rights of all the parties. It could, if necessary, determine the amount of rental accruing against Dennis, Jr., and thus determine whether or not he was in fact in default; and whether or not he was subject to the demands of the Overholtzers for counsel fees and for accounting. It appears to have been a situation where temporary injunctive process ought to have been issued to prevent multiplicity of actions and we find no abuse of discretion in the order appealed from.

■ Appellants claim further that they had at the time the injunctive order was entered an appeal pending from the order directing deposit of rents; that essentially the two orders covered the same ground; that they had appealed from the first order and that the appeal had thus removed the subject matter from the jurisdiction of the trial court. This contention cannot be sustained. The two orders did not cover the same ground nor were the evils they were aimed at coeval in origin; and in fact an attempted appeal from the order for deposit of rents was dismissed by this court on the ground that the order was nonappealable. (*Dennis* v. *Overholtzer*, 143 Cal.App.2d 606 [299 P.2d 950].)

■ Appellant further contends that equity cannot enjoin an action at law where the issues involved in the equity suit can be adjudicated in such action. The rule referred to does not apply where the equity court has first obtained jurisdiction. It may then, to avoid multiplicity of actions, enjoin initiation and prosecution of a suit at law involving the same issues. ■ Appellant makes a related contention that in any event injunction will not lie to stay an unlawful detainer action, but there is nothing sacrosanct about the summary proceeding in unlawful detainer which removes it from the control of equity in a proper case.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 5, 1957, and appellants' petition for a hearing by the Supreme Court was denied May 8, 1957.