WARNS, J. pro tem.
 
 *
 

 This is a companion appeal to the case of
 
 Dermis
 
 v.
 
 Overholtzer,
 
 3 Civil Number 9716, decided by this court and reported in 178 Cal.App.2d 766 [3 Cal.Rptr. 193]. The facts of the case are fully presented in that opinion and we shall not repeat them here.
 

 In this appeal appellants attack the validity of two orders made by the trial court after entry of judgment on motions of respondents. The first of these orders continued in effect an order and temporary injunction issued by the court
 
 *111
 
 in 1955 restraining the appellants from making a demand upon or instituting or maintaining any action to evict or eject W. V. Dennis, Jr., from the disputed property. Additionally, that order was augmented to restrain appellants from bringing civil actions against certain customers and employees of Dennis, Jr., who were then on the property. The second order directed Dennis, Jr., to continue to comply with an order made by the court in 1954 directing him to deposit with the county clerk the rent moneys payable on his lease of the property from appellants during the pendency of the action or until final determination thereof, or until “this Court shall otherwise order,...”
 

 Appellants contend that both of these orders are void because the Honorable Lincoln F. Mahan, the trial judge before whom the motions of respondents were made, was disqualified under section 170.6 of the Code of Civil Procedure. That section provides:
 

 “ (1) No judge of any superior, municipal or justice court-of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.
 

 “ (2) Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit that the judge before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge. ...”
 

 On May 22, 1959, the date set for hearing of respondents’ motions after judgment, appellants moved to disqualify Judge Mahan pursuant to the provisions of the above statute. At that time they filed in open court the affidavit required by section 170.6 of the Code of Civil Procedure.
 

 There is no merit in appellants’ contention. The obvious purpose of the two orders was to maintain the status quo of the property, the tenancy, and the payment of rents to the county clerk until final determination of the appeal. The orders were merely continuations of orders theretofore made, and under such facts and circumstances we believe that the
 
 *112
 
 rule recently laid down in the case of
 
 Jacobs
 
 v.
 
 Superior Court,
 
 53 Cal.2d 187, 191 [1 Cal.Rptr. 9, 347 P.2d 9], is applicable. We quote:
 

 “. . . In a case of this type a party should not be allowed to gamble on obtaining a favorable decision from one judge and then, if confronted with an adverse judgment, be permitted to disqualify him without presenting facts showing prejudice in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues. ’ ’
 

 The orders appealed from are affirmed.
 

 Van Dyke, P. J., and Peek, J., concurred.
 

 A petition for a rehearing was denied April 12, 1960, and appellants’ petition for a hearing by the Supreme Court was denied May 18, 1960. Dooling, J. pro tern.,
 
 *
 
 participated therein in place of Spence, J.
 

 *
 

 Assigned by Chairman of Judicial Council.
 

 *
 

 Assigned by Chairman of Judicial Council.