[Civ. No. 10078.   Third Dist.   May 4, 1961.]

PHYLLIS B. DENNIS, Plaintiff and Respondent, v. ARTHUR E. OVERHOLTZER et al., Appellants; W. V. DENNIS, JR., Defendant and Respondent.

Howard B. Crittenden, Jr., for Appellants.

Otto A. Hoecker for Respondents.

WARNE, J. pro tem.*—This is an appeal from three orders filed June 9, 1960, after the judgment of specific performance for the sale of land involved in this case had become final. The judgment was entered on May 14, 1958, and became final on May 10, 1960, after affirmance by this court. (*Dennis* v. *Overholtzer*, 178 Cal.App.2d 766 [3 Cal.Rptr. 193].) The facts of the case are fully presented in that opinion and we shall not repeat them here. In prior appeals appellants attacked the validity of two orders made by the trial court after entry of judgment on motions of respondent Phyllis B.

*Assigned by Chairman of Judicial Council.

Dennis. The first of these orders continued in effect an order and temporary injunction issued by the court in 1955 restraining the appellants from making a demand upon or instituting or maintaining an action to evict or eject W. V. Dennis, Jr., from the disputed property. Additionally, that order was augmented to restrain appellants from bringing civil actions against certain customers and employees of Dennis, Jr., who were then on the property. The second order directed Dennis, Jr., to continue to comply with an order made by the trial court in 1954 directing him to deposit with the county clerk the rent moneys payable on his lease of the property from appellants during the pendency of the action, or until final determination thereof, or until " 'this court shall otherwise order, . . . .' " (*Dennis* v. *Overholtzer*, 179 Cal.App.2d 110, 111 [3 Cal.Rptr. 458].) In *Dennis* v. *Overholtzer*, 143 Cal. App.2d 606 [299 P.2d 950], this court held that the original order of 1954 was not appealable. The temporary injunction of 1955 was upheld in *Dennis* v. *Overholtzer*, 149 Cal.App.2d 101 [307 P.2d 1012].

The pertinent provisions of the three orders, the subject of this appeal, are as follows:

(1) An order terminating the temporary injunction originally ordered in 1955, as augmented in 1959, and releasing W. V. Dennis, Jr., from the undertaking he was required to furnish under the original order and the order as augmented. A permanent injunction was ordered enjoining the appellants from making demands upon or instituting action against Dennis, Jr., or his customers, in relation to the occupancy and possession of the real property involved in the action, or arising out of his lease of the premises. Conjunctively, the costs of the injunction proceedings, amounting to $1,000 for five annual injunction bond premiums and $14.95 for the service of various related orders, were taxed against the appellants and allowed to Dennis, Jr. The court clerk who was directed to execute a deed in behalf of the appellants in another order was in this order directed to deduct the sum of $1,014.95 from the proceeds of the sale of the property in addition to other amounts specified in the other orders and to pay the $1,014.95 to W. V. Dennis, Jr.

(2) An order allowing the respondent Phyllis B. Dennis the cost of printing reply briefs in two appeals to this court (3 Civil No. 9716 and 3 Civil No. 9846) for a total of $657.74, and in addition $77.30 as costs in the hearing for the order

itself. These sums were offset against the sum of $18,270.64 which respondent Phyllis B. Dennis was directed to pay to appellants in the judgment for specific performance, leaving a net sum of $17,535.60 to be paid. In addition, the court specifically found that the appellants refused to execute and deposit a deed in escrow as commanded in the judgment and therefore directed the clerk to execute and deposit into escrow a deed in behalf of the appellants as directed by the judgment, with instructions to deliver the deed to the respondent Phyllis B. Dennis upon payment by her of $17,535.60 into escrow. The clerk was further directed to deduct $60.63 for costs on appeal allowed to W. V. Dennis, Jr., and pay that sum to him. Also to be deducted from the $17,535.60 when paid was the cost of revenue stamps and the notarial fee for certificate of acknowledgment, the net balance to be delivered by the clerk to the appellants within 10 days of receipt by the clerk. If appellants should refuse to accept these moneys, the clerk was ordered to deposit the sum with the Treasurer of Sonoma County, subject to further order of the court.

(3) An order terminating the order for deposit of rents and the order directing continued compliance with the order for deposits of rents. The court provided that all the rents previously deposited with the county clerk (by W. V. Dennis, Jr., J. W. Bryson and Norman B. Livermore, Jr.), as authorized by the prior orders, were released and ordered paid to the respondent Phyllis B. Dennis. The net sum of rents so accumulated was found to be $21,454.22.

Concerning the first order above mentioned, the order terminating the temporary injunction, releasing the undertaking, directing the issuance of a permanent injunction, and taxing costs of the injunction proceedings, appellants raise several objections. ▆▆ Appellants first contend that the cross-complaint of Dennis, Jr., was dismissed in the original judgment of May 14, 1958. No appeal was taken from that judgment in regard to that dismissal, and the judgment made no provision for costs against the Overholtzers as cross-defendants. Appellants argue that costs cannot be taxed two years after a judgment denying Dennis, Jr., relief. There is no merit in these contentions. Injunctive relief was not asked for in the cross-complaint of Dennis, Jr., in the original action. As a matter of fact, no injunctive relief was asked for in the original complaint by any party, but rather the temporary injunction was granted pursuant to a motion by Dennis, Jr. (Affirmed on appeal in *Dennis* v. *Overholtzer*, 149 Cal.App.2d

101 [307 P.2d 1012].) An order after judgment continuing the injunction in effect was upheld on appeal. (*Dennis* v. *Overholtzer*, 179 Cal.App.2d 110 [3 Cal.Rptr. 458].) The allowance of costs in the injunction proceedings to Dennis, Jr., including the bond premiums, was a proper exercise of the discretion of the trial court. (Code Civ. Proc., § 1032, subd. (c) ; *Neider* v. *Dardi,* 152 Cal.App.2d 156, 165 [313 P.2d 72] ; *Lockwood* v. *Sheedy,* 157 Cal.App.2d 741, 743 [321 P.2d 862].) The trial court did not abuse its discretion in making the order.

Appellants contend that the order as augmented was granted without bond or undertaking. There is no merit in this contention. The order granting the temporary injunction was made and entered on July 19, 1955, and specifically required an undertaking by W. V. Dennis, Jr., in the usual form to be approved by the trial court in the sum of $10,000. The order as augmented in 1959 specifically provided that the temporary injunction should continue in full force and effect until the final disposition of the appeal taken by the appellants from the judgment made and entered on the 14th day of May, 1958. In order to comply with this order it was necessary for W. V. Dennis, Jr., to continue the bond and undertaking requirement.

Appellants further contend that the granting of the permanent injunction was error. Appellants argue that on June 9, 1960 (six days after the hearing granting the orders herein in issue, which were made final), they tendered a proper deed in escrow as required by the judgment granting specific performance to the respondent Phyllis B. Dennis. It is further argued that the respondent Phyllis B. Dennis has failed to tender any part of the purchase price to the Overholtzers as required by the judgment and that she does not intend to make payment. Appellants argue they are unpaid vendors with record title, and it is therefore unjust to permanently enjoin the appellants from bringing suit against Dennis, Jr., or others who now are in possession. These contentions are completely devoid of merit.

The record shows that on June 3, 1960, a hearing was had on the question of the performance of the judgment by the appellants. At the conclusion of the hearing the trial court found the appellants refused to execute and deposit a deed as commanded in the judgment and therefore directed the clerk of the court to execute and deposit into escrow a deed

in behalf of appellants as directed in the judgment. On June 9, 1960, the orders became final and the clerk of the court, pursuant to the orders, deposited the deed in escrow. On the same day the appellants deposited an insufficient deed in escrow. Contempt proceedings were brought against the appellants for this interference with the proceedings of the clerk in his attempt to carry out the provisions of the judgment. The appellants were adjudged guilty of contempt. They did not withdraw their deed or cancel their escrow instructions until the Supreme Court refused a hearing on the order of this court denying appellants' application for a writ of certiorari against the contempt order. Thus appellants did not perform as required by the judgment but rather attempted to interfere with the regular process of the trial court. Appellants further argue that the respondent Phyllis B. Dennis has failed to tender any part of the purchase price to the Overholtzers as required by the judgment and that she does not intend to make payment; that appellants are unpaid vendors with record title; and that it is therefore unjust to permanently enjoin the appellants from bringing suit against Dennis, Jr., or others who are now in possession. There is no merit in this contention. The record clearly shows that the respondent Phyllis B. Dennis has performed as required by the court's order.

Appellants also contend that since the respondent Phyllis B. Dennis obtained the rentals or benefits of possession of the property the law implied an agreement of the purchaser to pay interest on the unpaid purchase price which she retained. This contention is answered in the decision of this court in *Dennis* v. *Overholtzer,* 178 Cal.App.2d 776, 779 [3 Cal.Rptr. 193], wherein we held: "The trial court did not err in failing to award appellants interest on the purchase price from and after May 22, 1954. Respondent cannot be charged with interest until the time comes to discharge her obligation. . . . Respondent was not obligated to tender the purchase price until she was furnished with a deed free of encumbrances or clouds upon the title." As we have hereinabove stated, the judgment allowed respondent Phyllis B. Dennis 20 days to perform after tender of a deed conveying clear title, or upon appellants' failure to perform after tender of a good and sufficient deed by the clerk of the court. Appellants failed to perform and the clerk executed the deed, whereupon respondent Phyllis B. Dennis performed within the time allowed subsequent to the tender by the clerk of the

court. It follows that no interest was due appellants upon the judgment.

Nor is there any merit in appellants' contention that they are entitled to the rents which were ordered deposited in court. The same rule would apply as would apply to the rents collected by appellants up to the time the tenants were ordered to deposit the rents in court. As to the latter, this court in *Dennis* v. *Overholtzer*, 178 Cal.App.2d 766, 779 [3 Cal.Rptr. 193], stated: "The trial court properly prorated the rents as of May 22, 1954, and awarded as a setoff against the purchase price the amount of rent (less prorated taxes) collected by appellants up to the time the tenants were ordered to deposit rent money in court. [Citing cases.]"

Appellants further contend that the effect of the orders allowing costs on appeal and directing the clerk to execute the deed constituted a change in the final judgment. Upon this premise they assert the order directing the clerk to execute the deed and deposit it in escrow with instructions to deliver it upon payment of the sum of $17,535.60 was absolutely void. We do not agree with appellants. Respondent Phyllis B. Dennis as the prevailing party upon the appeal from the judgment and the appeal from the orders after judgment was entitled to the costs of printing her briefs on appeal. (Rules on Appeal, rule 26(c); Code Civ. Proc., § 1034.) The judgment awarded respondent Phyllis B. Dennis her costs of trial, but the cost of a prior appeal was not inserted or offset in the judgment against the amount to be deposited by her. We feel that respondent Phyllis B. Dennis was entitled as a matter of right to offset against the sum payable in escrow costs which had been allowed. "It has been repeatedly held that the allowance of costs is a mere incident of the judgment on the merits." (*Kamper* v. *Mark Hopkins Inc.*, 78 Cal.App.2d 885, 887 [178 P.2d 767], citing cases.) The offsetting of the costs against the required escrow deposit did not have the effect of changing substantial terms of the judgment. It merely provided for the deduction of the costs which were incidental to the judgment. (On this subject matter see 20 C.J.S., §§ 431, 433.) Therefore, this case does not come within the rule declaring that a trial court cannot amend a judgment once entered if the error sought to be corrected is a judicial one as distinguished from mere clerical errors and misprisions in the judgment. Nor did the order directing the clerk of the court to execute the

deed and the order directing the clerk to deduct the costs allowed W. V. Dennis, Jr., change the substantial terms of the judgment, or result in multiple judgments. There was but one judgment, namely, the judgment of May 14, 1958, which became final in 1960. Costs of the preliminary injunction were incident to the judgment. The issuance of the permanent injunction was merely a means of enforcing compliance with the judgment. ▮ A court of equity has inherent power to make its decrees effective by additional orders affecting the details of performance, and this irrespective of a reservation of power in the decree. (*Hercules Glue Co., Ltd.* v. *Littooy,* 45 Cal.App.2d 42 [113 P.2d 490].) ▮ "The power of a chancery court to supervise the execution of its orders, and even to modify them in ways affecting only the details of their performance, has long been recognized." (*Los Angeles A. T. Co.* v. *Superior Court,* 94 Cal.App. 433, 440 [271 P. 363].)

Other points raised in the briefs require no consideration. The orders appealed from are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied June 1, 1961, and appellants' petition for a hearing by the Supreme Court was denied June 28, 1961.