[Civ. No. 20158.   First Dist., Div. One.   Apr. 25, 1962.]

PHYLLIS B. DENNIS, Plaintiff and Respondent, v. ARTHUR E. OVERHOLTZER et al., Defendants and Appellants.

Howard B. Crittenden, Jr., for Defendants and Appellants.

Otto A. Hoecker for Plaintiff and Respondent.

TOBRINER, J.—In this appeal from two orders entered by the trial court more than two years after a final judgment that ordered specific performance of a contract for the sale of real property, appellants raise the following three objections to the proceedings of the court: (1) appellants did not receive proper notice of the motion which gave rise to the instant orders, (2) the trial court erred in denying appellants a con-

tinuance, and (3) the trial court committed error in issuing the injunction. As we shall point out, we find no merit whatsoever in these points, now presented in a sixth appeal in an action already too long protracted.

The appeal stems from respondent's complaint for declaratory relief; we summarize the facts which initiated the cause. The parties entered into a contract wherein appellants agreed to sell, and respondent, Phyllis Dennis, to buy, a parcel of real property located near Cloverdale, California. The agreement fixed the purchase price at $22,000. Appellants had previously leased the property to several codefendants. Subsequently they rented the property to defendant W. V. Dennis, Jr., the son of respondent. Pursuant to the transaction, appellants placed a quitclaim deed in escrow, which they later withdrew. Respondent treated this act as a repudiation of the contract and, correspondingly, withdrew her money from escrow. Respondent filed this action for declaratory relief on June 25, 1954, joining the several lessees as parties in order to determine the rights of all persons in the property. The trial court ordered appellants specifically to perform the contract; the Third District Court of Appeal affirmed the decision below on March 10, 1960. (For a more detailed account see *Dennis* v. *Overholtzer* (1960) 178 Cal.App.2d 766 [3 Cal. Rptr. 193].)

We outline briefly in the footnote the subject matter of the five previous appeals.[1] The instant appeal arises from two

[1]In the first appeal, the Third District Court of Appeal, which has heard all these appeals, affirmed the trial court's denial of a motion to change venue. (*Dennis* v. *Overholtzer* (1956) 143 Cal.App.2d 606 [299 P.2d 950].)

In the second appeal, the court affirmed a preliminary injunction granted to defendant and cross-complainant W. V. Dennis, Jr., restraining appellants from making demands upon him, interfering with his possession of the land or instituting any action against him during the pendency of the present proceedings. (*Dennis* v. *Overholtzer* (1957) 149 Cal.App.2d 101 [307 P.2d 1012].)

In the third appeal, the court affirmed a judgment granting respondent specific performance of a contract for the sale of land owned by appellants to respondent upon payment by respondent of $22,000. (*Dennis* v. *Overholtzer* (1960) 178 Cal.App.2d 766 [3 Cal.Rptr. 193].)

In the fourth appeal, the court affirmed two orders by the trial court. The first order continued the temporary injunction restraining appellants from interfering with W. V. Dennis, Jr.'s possession and from instituting any action against him. The order extended this protection to Mr. Dennis' customers and employees. The second order directed cross-complainant Dennis, Jr., to deposit rents payable under his lease of the premises with the clerk of the court during the pendency of the action. (*Dennis* v. *Overholtzer* (1960) 179 Cal.App.2d 110 [3 Cal.Rptr. 458].)

In the fifth appeal, the court affirmed three orders of the trial court.

orders of the trial court, rendered subsequent to judgment: (1) An order enjoining appellants from continuing to interfere with the proceedings of both the court and the clerk in executing the terms of the judgment and effectuating the transfer of the realty, and directing the clerk with reference to the disposition of the proceeds of the sale pursuant to the judgment. (2) An order extending time for respondent to perform the acts required under the judgment and subsequent orders.

The orders result from previous proceedings in this litigation. Thus the decree of specific performance ordered appellants to deliver a deed to respondent, in escrow, and respondent, correspondingly to place in escrow the purchase price. Appellants refused to comply; the court directed the clerk to execute the deed and deliver it into escrow for appellants. The clerk did so. On the same day appellants submitted for escrow an insufficient deed. Because of this interference with the clerk's attempt to execute the provisions of the judgment, the court held appellants in contempt. The court ruled that appellants' act did not constitute performance of the court's ruling but an attempt to frustrate it. Further, the court rejected appellants' argument, repeated here, that respondent failed to render performance by not tendering the purchase price; the court held that she had performed. (*Dennis* v. *Overholtzer* (1961) 191 Cal.App.2d 791, 795-796 [13 Cal.Rptr. 110].)

During the foregoing series of appeals the court successively upon each appeal assessed costs on appeal against appellants, thereby reducing the amount of $18,270.64 originally due appellants, to the sum, as of the fifth appeal, of $17,535.60. Although appellants now contend that when respondent paid this latter amount into escrow the payment did not comply with the terms of the judgment, that matter has now been determined. (*Dennis* v. *Overholtzer, supra,* 191 Cal.App.2d 791, 797.)

---

The first order terminated the above injunctions and released cross-complainant and instituted a permanent injunction enjoining appellants from making demands upon or instituting actions against Dennis, Jr., or his customers regarding his occupancy of the land or arising out of his lease of the premises. The court also directed the clerk to execute a deed in behalf of appellants (in another order) and here directed the clerk to deduct certain sums from the proceeds of the sale and to pay the sum to Dennis, Jr. The second order allowed respondent the costs of printing reply briefs in two appeals. The third order terminated the order for deposit of rents and ordered the rents paid to respondent. (*Dennis* v. *Overholtzer* (1961) 191 Cal.App.2d 791 [13 Cal.Rptr. 110].)

Following the above events, respondent requested that the court order appellants to withdraw the deed and the accompanying instructions wrongfully deposited in escrow and, further, that it order appellants to carry out the rulings of the court or be held in contempt. Accordingly respondent moved that the court enter the two orders involved in this appeal; on June 24, 1960, the court granted the motion. We set forth in the footnote the substance of the first order, which was an "Order Instructing And Enjoining Defendants Overholtzer And Directing Clerk Of This Court With Reference To Proceeds Of Sale Pursuant To Judgment."[2] The second order, an "Order Extending Time For Performance By Plaintiff," recited that in view of appellants' previous frustration of the execution of the order, respondent would be allowed 20 days, after a ruling of the court that appellants had performed, in which to deposit the balance of the purchase price.

Appellants appeal from both orders. We point out at the threshold that appellants' position on the second order is so misleading and unsound that it does not deserve extended discussion. Appellants' only allusion to the second order as such states: "Although there was only one motion noticed for the 24th of June, the Court made a second order dated June 24th, entitled, 'Order Extending Time For Performance By The Plaintiff,' which is also appealed in this matter." Appellants leave the implication that the motion was not accompanied by notice. Yet the notice of motion stated: "Notice of Motion For Order Instructing Defendants Overholtzer and

---

[2]The order provided:

(1) That respondent pay to the clerk $18,270.64, the amount specified in the judgment.

(2) That the clerk pay appellants $16,434.82 and retain the remainder as payment of specified costs.

(3) That appellants, their attorneys and agents stop interfering with the proceedings of the court in carrying out the judgment for the sale, transfer and conveyance of the real property in question. Appellants having failed, within 20 days after judgment, to execute and deliver a deed, they are ordered to stop interference resulting from leaving on deposit in California Pacific Title Insurance Company the escrow instructions and purported deed of appellants in conflict with the deed and instructions of the clerk.

(4) That appellants withdraw the conflicting deed and instructions from escrow.

(5) That appellants be enjoined from asserting any right in the property or asserting any claim against respondent or instituting any litigation against her or any person claiming under or through her or from doing certain other related acts, except the receipt of $16,434.82, execution of a deed conforming to the judgment and the delivery of the deed to the clerk, and prosecution of appeals.

Order Extending Time For Performance By Plaintiff.'' Although there is but one notice of a motion, the motion clearly covers a request for the two orders. The text of the notice numbers the two requested orders and describes them separately. The record contains no objection to the form of the notice. Appellants' claim borders on the frivolous.

We turn to a consideration of each of appellants' three bases that the trial court committed error.

1. *Appellants received adequate notice of the motion for an order instructing defendants and an order extending time for performance by plaintiff.*

Appellants' contention that they did not receive the notice of the motion required by section 1005 of the Code of Civil Procedure cannot stand. The facts show that respondent mailed notice to an attorney of record within the prescribed time limit.

The motion was noticed for June 24, 1960, and respondent mailed notice of the motion to Frank McAuliffe, apparently an attorney of record for appellants, on June 16, 1960. Respondent likewise mailed a notice of the motion to Howard B. Crittenden, Jr., at his office in San Francisco. McAuliffe conducts an office in Santa Rosa in Sonoma County; the hearing on the motion was set for the Superior Court of Sonoma County. Section 1005 provides: ''When a written notice of a motion is necessary, it must be given, if the court is held in the county in which at least one of the attorneys of the party notified has his office, five days before the time appointed for the hearing; otherwise, 10 days.'' The five days' notice requirement of the section was adequately fulfilled.

Appellants' contention that McAuliffe's authority had terminated, and that the only remaining attorney, Crittenden, should have received 10-days' notice meets its nemesis upon two grounds: First, appellants offer no proof that McAuliffe has been discharged as attorney. Indeed, McAuliffe is listed as one of appellants' attorneys in the third and fourth appeals. The opinions in those cases are dated March 10, 1960, and March 21, 1960, respectively. Appellants' petitions for hearing by the Supreme Court were denied on May 4, 1960, and May 18, 1960, the latter date being less than one month prior to the noticing of the instant motions in the same case. (*Dennis* v. *Overholtzer, supra,* 178 Cal.App.2d 766; *Dennis* v. *Overholtzer, supra,* 179 Cal.App.2d 110.) Second, appellants do not suggest that, prior to the service of the notice, they informed respondent of any change of attorneys.

"When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney." (Code Civ. Proc., § 285.)

■ At any time before the receipt by the adverse party of notice of the change of attorneys, service upon an attorney of record suffices, even if the attorney-client relationship has in fact come to an end. (*Epley* v. *Califro* (1958) 49 Cal.2d 849, 854 [323 P.2d 91]; *Scarpel* v. *East Bay Street Ry.* (1940) 42 Cal.App.2d 32 [115 P.2d 862]; see also: *Johnston, Baker & Palmer* v. *Record Machine & Tool Co.* (1960) 183 Cal.App. 2d 200, 206 [6 Cal.Rptr. 847].)

Appellants' assertion that respondent could not serve McAuliffe as an attorney of record because his authority continued after judgment only to enforce a favorable judgment or reverse an adverse one, finds no substantiation in the holding in the cited case of *Knowlton* v. *Mackenzie* (1895) 110 Cal. 183 [42 P. 580]. That case did not deal with the question before us but with the issue of authority of the attorney "to consent to . . . modification [of a judgment] to the prejudice of the client" "when the adverse party, as well as the court, is aware that the attorney is acting in direct opposition to his client's instructions. . . ." (P. 188.)

2. *The trial court properly denied appellants' request for a continuance.*

■ Appellants' argument that the trial court abused its discretion in refusing a continuance of the hearing of the motion fails on multiple grounds.

In the affidavit of their attorney, Crittenden, appellants offered three reasons for the continuance: First, appellant Arthur Overholtzer could not leave his home in Modesto to attend the hearing in Sonoma County because of the illness of his wife. Second, on June 21, 1960, Crittenden had not been able adequately to examine the papers which had previously been served. Since Crittenden was engaged in preparation for the trial of a jury case which he expected to be set for trial on June 22 and to last for three days, he could not attend the hearing. Furthermore, he had not yet been able to review the law applicable to the motion. Third, the 10-day notice required by statute had not been given.

Omitting further discussion of the third point, which we have analyzed above, we believe the other two arguments fail and that the following grounds support the court's refusal to

grant the continuance: (1) Apparently Crittenden was not the sole attorney of record; yet he offered no explanation of why McAuliffe could not handle the hearing of the motion. (2) Appellants have not shown the necessity for their personal presence at the hearing. While the attendance of a party may be helpful at a trial, a party does not usually participate in a hearing of motion subsequent to judgment, a matter which the attorney normally handles exclusively. Appellants did not so much as offer to show that they intended to testify. (3) Although the affidavit requested a continuance of at least a week, it does not indicate when, if ever, appellants would be able to attend a hearing. The requested continuance apparently contemplates the attendance of Crittenden, not that of the parties. (4) The affidavit alleges that Mrs. Overholtzer "had been in the hospital" and that Mr. Overholtzer would be required to take care of her. The affidavit fails to explain why Mr. Overholtzer could not make arrangements for a nurse or other person presently to attend his wife. (5) This is the *sixth appeal* in this proceeding; appellants now, more than two years after judgment, request a continuance. The record suggests the use of delaying tactics by appellants.[3]

. The record of these protracted proceedings supports the trial court's refusal of the continuance. As the Supreme Court stated in *McElroy* v. *McElroy* (1948) 32 Cal.2d 828, 832 [198 P.2d 683]: "It is also contended that the trial court erred in refusing to grant them a continuance on the ground that the father could not attend the trial because of illness. The unavoidable absence of a party does not necessarily compel the court to grant a continuance. (*Sheldon* v. *Landwehr*,

---

[3]An example of such tactics appears in *Dennis* v. *Overholtzer* (1961) 191 Cal.App.2d 791, 795-796 [13 Cal.Rptr. 110]: "The record shows that on June 3, 1960, a hearing was had on the question of the performance of the judgment by the appellants. At the conclusion of the hearing the trial court found the appellants refused to execute and deposit a deed as commanded in the judgment and therefore directed the clerk of the court to execute and deposit into escrow a deed in behalf of appellants as directed in the judgment. On June 9, 1960, the orders became final and the clerk of the court, pursuant to the orders, deposited the deed in escrow. On the same day the appellants deposited an insufficient deed in escrow. Contempt proceedings were brought against the appellants for this interference with the proceedings of the clerk in his attempt to carry out the provisions of the judgment. The appellants were adjudged guilty of contempt. They did not withdraw their deed or cancel their escrow instructions until the Supreme Court refused a hearing on the order of this court denying appellants' application for a writ of certiorari against the contempt order. Thus appellants did not perform as required by the judgment but rather attempted to interfere with the regular process of the trial court."

159 Cal. 778, 781 [116 P. 44] ; *Lynch* v. *Superior Court,* 150 Cal. 123 [88 P. 708].) In such cases the court should be governed by the course which seems most likely to accomplish substantial justice, and it may take into consideration the legal sufficiency of the showing in support of the motion and the good faith of the moving party. (*Sheldon* v. *Landwehr, supra,* p. 781; *Barnes* v. *Barnes,* 95 Cal. 171, 177 [30 P. 298, 16 L.R.A. 660].)''

The trial court's firsthand knowledge of the maneuvers in this case qualified it to judge the propriety and motivation for the sought postponement of the hearing. We see no abuse of discretion whatsoever in its denial of the contiunance.

3. *The trial court committed no error in issuing the injunction.*

Appellants' contention that the injunction works an injustice in that it prevents appellants from ''questioning or adjudicating any of the acts of third parties and particularly of the Galacci Lumber Company'' not only involves matters outside the record but also attempts to relitigate a point previously resolved upon appeal.

The record does not indicate the identity of Galacci Lumber Company or of any other person who may be in possession of the property or be interested in it in any way. Appellants do not show how the present injunction, aimed at preventing appellants' continued interference with the proceedings, can affect their rights against other parties.

Even if the proffered issue as to the Galacci Lumber Company were properly before us it would only present a point previously resolved. In their reply brief in the matter of their last appeal (191 Cal.App.2d 791 [13 Cal.Rptr. 110]), appellants attacked the injunction upon the ground that it enjoined them from litigating their rights concerning parties ''who are now in possession. . . .'' Appellants there designated Galacci as a party who ''is now in possession.'' Mr. Justice pro tem. Warne disposed of the matter: ''Appellants argue they are unpaid vendors with record title, and it is therefore unjust to permanently enjoin the appellants from bringing suit against Dennis, Jr., or others who are now in possession. 'These contentions are completely devoid of merit.'' (*Dennis* v. *Overholtzer, supra,* 191 Cal.App.2d 791, 795.)

Appellants contend that '' [i]t is the very purpose of this injunction to prevent the Overholtzers from having their day in Court to determine that they are still the owners as determined by the final judgment of May 15, 1958, and that

under that judgment they were excused by any default of the plaintiff in failing to pay any money up to and including twenty days after a good and sufficient deed was deposited under the terms of the judgment. . . .'' As we have seen, the Third District Court of Appeal has determined that the purported deed did not conform to the judgment and that appellants were the owners of the property subject to an equitable right in respondent for specific performance.

Appellants have been accorded more than their day in court; they have had about six years in court. Appellants once more urge unsupported arguments previously rejected by the District Court of Appeal; we find no basis for entertaining such strained contentions.

. We affirm the orders.

Bray, P. J., and Sullivan, J., concurred.

A petition for a rehearing was denied May 11, 1962, and appellants' petition for a hearing by the Supreme Court was denied June 20, 1962.