[Civ. No. 26642.    Second Dist., Div. Three.    Nov. 6, 1963.]

JOHN OGBURN, Plaintiff and Respondent, v. PEARL OGBURN, Defendant and Appellant.

Edward L. Lascher, Lascher & Bedworth and Calbom, Walker & Cox for Defendant and Appellant.

Lawton, Neff & Boyack and Bryce H. Neff for Plaintiff and Respondent.

FILES, J.—In this divorce action the appeal is from the interlocutory judgment and from an order made on the day before trial denying defendant's motion for a traveling allowance. ▮▮▮ The record supports the following statement of facts:

On January 10, 1961, plaintiff, a widower aged 74, married defendant, a widow aged 66, at her home in Kelso, Washington. For the next 45 days they resided together in plaintiff's home in Van Nuys, California. During this period plaintiff was obliged to do his smoking in the garage, give up his favorite radio programs, and do the greater part of the housework. Defendant demanded that he give up sleeping in

his own bedroom, and when he refused, she removed herself to the back bedroom. Plaintiff worried, suffered stomach trouble and lost 30 pounds. On February 24, 1961, without any warning or discussion, defendant left the marital domicile and flew back to Washington.

Plaintiff next saw his wife on March 23, when she arrived unannounced with her daughter and niece who had brought her back in an automobile to pick up her personal effects. Plaintiff pleaded for a reconciliation but defendant refused to discuss it. The two of them, accompanied by her daughter and niece, visited an attorney. Plaintiff had never seen the attorney before. Defendant asked for $2,000, but she settled for $500. The attorney prepared and the parties executed a property settlement agreement whereby plaintiff paid defendant $500 and each released the other of all obligations. Defendant stayed overnight with her nephews in Hawthorne, and the following day she returned to Washington. Plaintiff has not seen her since.

Prior to her marriage defendant had lived on Social Security and state aid. Plaintiff was a retired aircraft assembler. He owned a home and had a savings account with a balance of about $7,000 at the time of the property settlement. He lived on Social Security and a pension which paid him a total of $148.50 per month. There was no community property.

On June 9, 1961, plaintiff commenced this action by filing a complaint for annulment upon the ground of fraud. He later amended to state an alternative cause of action for divorce upon the ground of extreme cruelty. On September 25, 1961, defendant filed an answer and cross-complaint for divorce upon the ground of extreme cruelty. She alleged that the property settlement agreement had been obtained through duress or undue influence and under a mutual mistake of fact, and she demanded alimony.

The action was tried on January 17, 1962. Defendant was represented by counsel, but she was not present in person and no witness was called on her behalf except the plaintiff. The court ordered judgment granting plaintiff a divorce, approving the settlement agreement and denying defendant's demand for alimony.

No good purpose would be served by a further elaboration of the evidence. It was sufficient to support the findings and the judgment.

Defendant argues that the trial court erred in denying her application on January 16, 1962, for an order compel-

ling plaintiff to pay $220.09 as expenses of a trip to Los Angeles for the trial. Such a motion is addressed to the discretion of the trial court, whose determination will not be disturbed on appeal unless there is a clear showing of abuse. (*Primm* v. *Primm,* 46 Cal.2d 690, 696 [299 P.2d 231].) If there is room for difference of opinion, it is the discretion of the trial court, not of the appellate court, which controls.

The record shows that defendant had made an application for suit money on September 29, 1961, at which time defendant was allowed attorney's fees but not travel expenses. The court was aware that she had removed herself to the State of Washington, had made at least one trip back without financial assistance from plaintiff, and had thereafter received $500 from him. Since she waited until the day before trial to renew her motion for travel money, the court might reasonably have doubted her good faith. It was not an abuse of discretion to deny this untimely application.

Defendant argues that the court abused its discretion in denying her motion for a continuance. The motion was heard and denied on the morning of January 17, when the case was called for trial. The motion was based upon a notice and declaration which are not a part of the record on appeal. The parties stipulated that the record might be augmented by a supplemental clerk's transcript containing that declaration, but no such transcript was ever supplied. The briefs indicate that the ground of the motion was the defendant's absence.

In *McElroy* v. *McElroy,* 32 Cal.2d 828, at page 832 [198 P.2d 683], the court said:

"The unavoidable absence of a party does not necessarily compel the court to grant a continuance. [Citations.] In such cases the court should be governed by the course which seems most likely to accomplish substantial justice, and it may take into consideration the legal sufficiency of the showing in support of the motion and the good faith of the moving party."

There is nothing in the record to indicate that defendant ever would be willing to return to Los Angeles to testify unless plaintiff paid her expenses. We cannot say that the trial court was not justified in denying this belated request for delay.

Defendant also contends that the judgment should be reversed because there was no pretrial. The memorandum to set the case for trial is not a part of the record on appeal. If that memorandum showed the estimated time of trial to

be two hours or less, the case was exempt from pretrial under rule 221 of the California Rules of Court.\* The trial was a very short one and we need not infer that the case was not properly set for trial.

The judgment and order are affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied December 3, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1963.

---

\*Formerly Rules for the Superior Courts, rule 9.